FREDERICK v. METROPOLITAN LIFE INS. CO. OF NEW YORK.

(Circuit Court of Appeals, Third Circuit. December 28, 1916. Rehearing
Denied February 9, 1917.)

No. 2148.

BANKRUPTCY ⬦143(12)—RIGHTS OF TRUSTEE—PROCEEDS OF INSURANCE POLI-
CY—PAYMENT WITHOUT NOTICE.

The trustee of a bankrupt, whose life was insured under a policy payable
to his wife, but giving him the right to change the beneficiary, has no
legal right to recover the amount of the policy, after the death of the
bankrupt without changing the beneficiary, and the performance of its
contract obligation by the insurance company by the payment of the
amount to the beneficiary without notice of any adverse claim thereto.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec.
Dig. ⬦143(12).]

In Error to the District Court of the United States for the Western
District of Pennsylvania; W. H. Seward Thomson, Judge.

Action by Elliott Frederick, as trustee of John E. Schmidt, bank-
rupt, against the Metropolitan Life Insurance Company of New York.
Judgment for defendant (235 Fed. 639), and plaintiff brings error.
Affirmed.

Lowrie C. Barton, of Pittsburgh, Pa., for plaintiff in error.

William K. Jennings, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit
Judges.

BUFFINGTON, Circuit Judge. This case concerns a life insur-
ance policy for $5,000, issued July 10, 1909, by the Metropolitan Life
Insurance Company to John E. Schmidt, who afterwards was ad-
judicated a bankrupt. By such policy the said sum was made payable
to Anna M. Schmidt, his wife, on his death, but the right was reserved
to the insured to change the beneficiary. Without having exercised
such right, Schmidt died on April 4, 1913, leaving his wife to survive
him. Mrs. Schmidt made due proof to the company of his death, and
the company in due course paid her the full amount of the policy,
which she surrendered to the company. As found by the trial judge,
such payment was made "in good faith to the party designated in its
contract as sole beneficiary therein without notice of any character as
to any adverse claim thereto."

On May 11, 1915, the present suit was brought by the trustee in
bankruptcy of said bankrupt, John E. Schmidt, a citizen of Pennsyl-
vania, against the said insurance company, a corporate citizen of New
York, to recover the full amount of this policy. Trial by jury being
waived, the case was heard by the judge of the court below, who found
a verdict in favor of the defendant. On entry of judgment on such
verdict, the plaintiff sued out this writ of error.

The proceedings in bankruptcy against Schmidt were begun on
December 19, 1912, he was adjudged bankrupt on January 8, 1913,
and this suit was begun May 11, 1915. The statement alleged that the
insurance company was—

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"justly and legally indebted to Elliott Frederick, trustee in bankruptcy of the estate of John E. Schmidt. * * * In said policy said John E. Schmidt was named as the insured, and Annie M. Schmidt, his wife, the beneficiary, with right of revocation as by provision in said policy as follows."

The statement then avers:

"That the said John E. Schmidt died on the 4th day of April, 1915, and thereupon the proceeds of the said policy became payable to plaintiff, as trustee aforesaid; the title to said policy having passed to plaintiff as trustee in bankruptcy of the estate of said John E. Schmidt by reason of the said proceedings in bankruptcy heretofore set forth."

It is thus seen that we are here concerned with a suit, based on diversity of citizenship, by Frederick, a trustee in bankruptcy, against the insurance company, to recover the whole amount of a policy which, as found by the court below, had once been paid in good faith by the insurance company to the unrevoked beneficiary named in the policy. We are not here concerned with the duty, or the failure, or the omission, of the bankrupt in regard to this policy, or what might have been the right of the trustee to participate in the policy, had timely notice been given, and steps taken by him to secure the cash surrender value of the policy, before the same had been unwittingly paid by the company to the beneficiary. Nor are we concerned with any right of action of the trustee against the beneficiary, who received the money. The sole question before us is as to the liability of the insurance company, and whether, after the money has once been paid in good faith to the designated and unrevoked beneficiary of the policy, any legal right is now vested in the plaintiff in this case to compel the present defendant to pay the money a second time.

There certainly is no contract obligation on the insurance company to pay a second time. By that contract the company contracted with the insured to pay the amount of the policy to a certain beneficiary. On the death of the insured, without revocation or change of beneficiary, there arose a contractual legal liability of the company to pay the amount of the policy to that beneficiary. As a sequence to such contractual legal liability, the right to sue on the policy was vested in the beneficiary, and the contract provided for no other rights and obligations than those of the beneficiary and the company. When, therefore, the insured had died, and the beneficiary had furnished due proof and made timely demand for the contracted sum, the company, "without notice of any character as to any adverse claim thereto," was not only justified, but contractually bound, to pay the money to Mrs. Schmidt. Having done so, having fulfilled its promises, it was entitled to a surrender of the contract it had fully and in good faith fulfilled. Such being the case, it is manifest that the trustee has shown no legal right to again collect the whole amount of this policy from the company, and such alleged legal right to collect the whole policy is the demand, and the sole demand, on which he has declared.

Under these proofs and facts, the court below committed no error in holding the trustee was not entitled to recover against the company in this suit.

The judgment below is affirmed.