# Frederick, Appellant, *v.* Fidelity Mut. Life Ins. Co.

*Bankruptcy — Insurance on bankrupt's life — Cash surrender value of policy—Recovery—Right of trustees—Right of beneficiary.*

A trustee in bankruptcy brought an action to recover the cash surrender value of an insurance policy issued to a bankrupt, claiming the value of such policy in accordance with the provisions of section 70a of the bankrupt law. It appeared that prior to the time of the bringing of the action the bankrupt had died and that his widow, the beneficiary, who had possession of the policy, had presented the same and collected the insurance.

The company had no notice of the bankruptcy and no claim to the policy or any part thereof was made by the plaintiff until a year

after the death of the insured. The policy had a cash surrender value.

The company was obliged by its contract to pay the proceeds to the beneficiary and, having, done so, the contract was performed. There could be no right in any one to demand the surrender value which was payable only on a contingency, which did not and could not arise, the policy having been surrendered on payment of the proceeds to the beneficiary entitled thereto. Under such circumstances the court properly entered judgment in favor of the defendant.

Argued May 5, 1920. Appeal, No. 25, April T., 1920, by plaintiff, from judgment of C. P. Allegheny County, July T., 1915, No. 1188, on verdict for defendant in the case of Elliott Frederick, Trustee in Bankruptcy of the Estate of John E. Schmidt, v. The Fidelity Mutual Life Insurance Company of Philadelphia, a corporation. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit to recover cash surrender value of life insurance policy. Before WASSON, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court rendered judgment in favor of defendant. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Lowrie C. Barton,* and with him *Abraham Seder,* for appellant.—The cash surrender value of the policy vested in the estate of the bankrupt on filing the petition in bankruptcy and on the adjudication in the trustee: Cohen, Trustee, v. Samuels, 245 U. S. 50; Cohn v. Malone, 222 U. S. 303; Bailey v. Ice Machine Co., 239 U. S. 268; Trustee, 248 U. S. 450; Acme Harvester Co. v. Beekman, Bank v. Sherman, 101 U. S. 403.

*W. D. N. Rogers,* and with him *John S. Slack* and *O. S. Richardson,* for appellee, cited: Frederick, Trustee, v. Metropolitan Life Ins. Co., 239 Federal Reporter 125; In re Gehris-Herbine Company, 188 Federal Reporter 502.

OPINION BY LINN, J., July 14, 1920:

Schmidt's trustee in bankruptcy sued the insurance company to recover the proceeds of a policy of insurance with interest from the date of his death. A jury trial was waived and after a trial by the court, judgment was entered for defendant, and plaintiff has appealed. Without formally amending the pleadings, plaintiff limited his claim to the surrender value of the policy at the date of the adjudication in bankruptcy, and we are asked so to treat the case here. Plaintiff doubtless reached that conclusion after failing in his effort to recover the proceeds of another policy in Frederick, Trustee, v. Metropolitan Life Insurance Company, 239 Fed. 125, where his averments were substantially the same as here.

Schmidt was adjudicated bankrupt January 8, 1913, and the trustee qualified a month later. Schedules were filed but they did not include this insurance policy. It appeared that the policy was issued September 20, 1902, on the life of Schmidt, in the sum of $1,000 payable "upon surrender of the (policy) properly receipted within sixty days after the acceptance of the due and satisfactory proof of the fact and cause of the death of" Schmidt "and said claim hereunder to his wife, Annie M. Schmidt, or if the insured survive the aforesaid beneficiary, to his administrators, executors or assigns of the insured, subject to all the requirements, privileges and provisions stated in the following pages......" Only parts of the policy are printed in the record. It provided: "The insured, with the written approval of the president or vice president, may upon the surrender of this policy, change the beneficiary, or with such approval it may be assigned."

Schmidt died April 4, 1913. On May 7, 1913, his widow filed the required proofs of death with the insurance company, surrendered the policy properly receipted, and received the proceeds. The company had no notice of the bankruptcy, and no claim to the policy or any part thereof was made by plaintiff until April 14, 1914.

The question now is, can the plaintiff on this record require the insurance company to pay the surrender value which the policy had at the date of adjudication, or at the time of the filing of the petition, when no claim to the policy or any part thereof was made until April 14, 1914, the company meanwhile, on May 7, 1913, having performed its contract in accordance with its terms by paying the beneficiary? Though the terms of the policies are different, the language of the court of appeals for this circuit, in the suit brought by Schmidt's trustee against the Metropolitan Life Insurance Co., supra, accurately describes the position of the appellee at the time when the beneficiary complied with the requirements of the policy and demanded that the insurance company keep its contract and pay her the proceeds. The court of appeals said: "By that contract the company contracted with the insured to pay the amount of the policy to a certain beneficiary. On the death of the insured, without revocation or change of beneficiary, there arose a contractual legal liability of the company to pay the amount of the policy to that beneficiary. As a sequence to such contractual legal liability, the right to sue on the policy was vested in the beneficiary, and the contract provided for no other rights and obligations than those of the beneficiary and the company. When, therefore, the insured had died, and the beneficiary had furnished due proof and made timely demand for the contracted sum, the company, 'without notice of any character as to any adverse claim thereto,' was not only justified, but contractually bound, to pay the money to Mrs. Schmidt. Having done so, having fulfilled its promises, it was entitled to a surrender of

the contract it had fully and in good faith fulfilled. Such being the case, it is manifest that the trustee has shown no legal right to again collect the whole amount of this policy from the company, and such alleged legal right to collect the whole policy is the demand, and the sole demand, on which he has declared." (A petition for certiorari was denied: 243 U. S. 646.)

The company was obliged by its contract to pay the proceeds to the beneficiary, and having done so, the contract was performed; there can be no further performance; the obligation is ended; and there can be no right in any one to demand the surrender value which was payable only on a contingency which did not and cannot arise, the policy having been surrendered on payment of the proceeds thereof.

But appellant contends that the company should not have paid the beneficiary, and that in some way he ought to recover the surrender value, because under section 70a of the bankruptcy law certain rights in insurance policies which "any bankrupt shall have" pass to the trustee. We all agree that on the facts contained in this record, the appellant has not shown that any right in this policy passed to him, and the burden of proof was on him. The first and second assignments of error excepting to findings of fact, and so much of the third as complains of the finding of fact made below, are overruled, because those facts were admitted to be true by stipulation signed for that purpose by counsel for appellant. The remaining assignments are to the effect that the court erred in entering judgment for the defendant.

Since appellant's contention under section 70a is in the opinion of his counsel most favorably stated in Cohen v. Samuels, 245 U. S. 50, we shall quote it from that decision: "The question in the case is the simple one of the construction of section 70a. By it the trustee of the bankrupt is vested by operation of law with title to all property of the bankrupt which is not exempt. '(3) powers which he might have exercised for his own bene-

fit, but not those which he might have exercised for some other person......(5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: Provided, That when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets......'

"Regarding the section in its entirety there would seem to be no difficulty in its interpretation, but we are admonished by the decision of the circuit court of appeals and its reasoning and also by the argument of counsel that there are considerations which give particular control to the proviso and distinguish between insurance policies and other property which the bankrupt can transfer or which can be levied upon and sold under judicial process against him (subdivision 5). We have given attention to those considerations and feel their strength, but they are opposed by other considerations. It might indeed be that it would better fulfill the protection of insurance by considering the proviso alone and literally, regarding the policy at the moment of adjudication, and, if it be not payable then in words to the bankrupt—no matter what rights or powers are reserved by him, no matter what its pecuniary facility and value is to him—to consider that he has no property in it. But we think such construction is untenable. The declaration of subdivision 3 is that 'powers which he might have exercised for his own benefit' 'shall in turn be vested' in the trustee, and there is vested in him as well

all property that the bankrupt could transfer or which by judicial process could be subjected to his debts, and especially as to insurance policies which have a cash surrender value payable to himself, his estate or personal representative. It is true the policies in question here are not so payable, but they can be or could have been so payable at his own will and by simple declaration. Under such conditions to hold that there was nothing of property to vest in a trustee would be to make an insurance policy a shelter for valuable assets and, it might be, a refuge for fraud. And our conclusions would be the same if we regarded the proviso alone."

There are essential differences between the position of the trustee in that case and the position of appellant. There the policies were in the possession of bankrupt and the contest was between him and his trustee. Appellant has not shown that his bankrupt had the policy; it does not appear when his wife obtained it, nor under what circumstances she held it; it is certain that she had it when she surrendered it; the bankrupt may have had the policy at his death, but it is equally true that he may have parted with it long before; that she may have had it for years. The fact cannot be settled by conjecture and there is no presumption aiding appellant. Another important distinction between the two cases is in the requirement of the contract that defendant shall not only have notice of a change of beneficiary, but that such change must be approved by its president or vice-president and that a change may only take place "upon the surrender of this policy." The provisions of the policy are not printed in the record. We assume that the officer could not refuse approval without cause, but there was some reason for requiring not only the approval of the officer but also the surrender of the policy when changing the beneficiary; it may have been to enable it to issue a new policy to the new beneficiary, but whatever it was, there was not an absolute right in the bank-

rupt to make a change, such as was before the court in Cohen v. Samuels.

This is a suit to require defendant to perform its contract, i. e. to pay the surrender value thereof, and since appellant is not named as a party in the contract, he must show some privity with a party to whom defendant owed some obligation. Defendant's contract relations were not with the bankrupt alone. In the last analysis, the only facts found below on which appellant bases his right to recover are that Schmidt became bankrupt, was named as the insured in the policy having a cash surrender value, and that appellant is his trustee; that is not enough.

The judgment is affirmed.