## COHEN, TRUSTEE IN BANKRUPTCY OF SAMUELS, *v.* SAMUELS.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 359. Argued October 17, 1917.—Decided November 5, 1917.

A policy of insurance held by a bankrupt, which has a cash surrender value at the time of the adjudication, becomes an asset, to the extent of such value, in the trustee, under § 70-a of the Bankruptcy Act, even when the policy is payable to a beneficiary other than the bankrupt, his estate or personal representatives, if the bankrupt has reserved absolute power to change the beneficiary.

237 Fed. Rep. 796, reversed.

THE case is stated in the opinion.

*Mr. Lawrence B. Cohen,* with whom *Mr. Adolph Boskowitz* was on the briefs, for petitioner.

*Mr. Samuel Sturtz* for respondent.

MR. JUSTICE McKENNA delivered the opinion of the court.

On May 13, 1915, Elias W. Samuels filed a voluntary petition in bankruptcy and was adjudicated a bankrupt. On the same day Cohen, petitioner herein, was duly elected his trustee. Samuels at the time of the adjudication held five life insurance policies in various life insurance companies.

On September 16, 1915, Cohen made motions before the referee in bankruptcy to require Samuels to deliver to him, Cohen, the policies or pay to him the cash surrender value of them as of the date of the adjudication. The motions were denied.

Subsequently Cohen filed petitions to review the rulings of the referee as to three of the policies, which petitions came on for hearing before the United States District Court for the Southern District of New York February 14, 1916.

The policies were respectively for the sums of $3,000, $3,000 and $1,000 and had respectively a cash surrender value of $193.85, $753, subject to, a deduction of a loan of $555 and interest, and $396. The policies were payable to certain relatives of Samuels as beneficiaries and it was provided in each that Samuels reserved the absolute right to change the beneficiary without the latter's consent.

The District Court affirmed the orders of the referee, following what the court conceived to be the ruling in *In re Hammel & Co.*, 221 Fed. Rep. 56.

Cohen petitioned the Circuit Court of Appeals to revise the ruling of the District Court as provided in § 24-b of the Bankruptcy Act and for such other and further relief as might be proper.

The Circuit Court of Appeals affirmed the ruling of the District Court, one judge dissenting. 237 Fed. Rep. 796.

The facts are not in dispute. The policies had a cash surrender value at the time Samuels was adjudicated a

bankrupt which the companies were willing to pay to him and in all of them he had the absolute right to change the beneficiaries.

The question in the case is the simple one of the construction of § 70-a. By it the trustee of the bankrupt is vested by operation of law with title to all property of the bankrupt which is not exempt, "(3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person, . . . (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: *Provided*, That when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets; . . ."

Regarding the section in its entirety there would seem to be no difficulty in its interpretation, but we are admonished by the decision of the Circuit Court of Appeals and its reasoning and also by the argument of counsel that there are considerations which give particular control to the proviso and distinguish between insurance policies and other property which the bankrupt can transfer or which can be levied upon and sold under judicial process against him (subdivision 5). We have given attention to those considerations and feel their strength, but they are opposed by other considerations. It might indeed be that it would better fulfill the protection of insurance by considering the proviso alone and literally, regarding the

policy at the moment of adjudication, and, if it be not payable then in words to the bankrupt—no matter what rights or powers are reserved by him, no matter what its pecuniary facility and value is to him—to consider that he has no property in it. But we think such construction is untenable. The declaration of subdivision 3 is that "powers which he might have exercised for his own benefit" "shall in turn be vested" in the trustee, and there is vested in him as well all property that the bankrupt could transfer or which by judicial process could be subjected to his debts, and especially as to insurance policies which have a cash surrender value payable to himself, his estate or personal representative. It is true the policies in question here are not so payable, but they can be or could have been so payable at his own will and by simple declaration. Under such conditions to hold that there was nothing of property to vest in a trustee would be to make an insurance policy a shelter for valuable assets and, it might be, a refuge for fraud. And our conclusions would be the same if we regarded the proviso alone.

This court has been careful to define the interest of bankrupts in the insurance policies they may possess. In *Hiscock* v. *Mertens*, 205 U. S. 202, we gave a bankrupt the benefit of the redemption of a policy from the claims of creditors, though a cash surrender value was not provided by it but was recognized by the insurance company. In *Burlingham* v. *Crouse*, 228 U. S. 459, 473, we said that it "was the purpose of Congress to pass to the trustee that sum which was available to the bankrupt at the time of bankruptcy as a cash asset, otherwise to leave to the insured the benefit of his life insurance." See also *Everett* v. *Judson, Id.* 474. Judgment of the Circuit Court of Appeals affirming the order of the District Court is reversed and the case remanded to the District Court for further proceedings in accordance with this opinion.

*Reversed.*