## COHN *v.* MALONE, TRUSTEE OF COHN, BANKRUPT.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 96.    Argued December 18, 1918.—Decided January 13, 1919.

The cash surrender value of a life insurance policy which is payable
   to the executors, administrators or assigns of the insured, or payable
   to specified persons with a right in the insured to change the bene-
   ficiaries, is assets subject to distribution under the Bankruptcy Act.
   *Cohen* v. *Samuels*, 245 U. S. 50.
Section 2498 of the Georgia Code, 1910, providing that an insured may
   assign his life insurance by directing payment to his personal rep-
   resentative, or to his widow, or to his children, or to his assignee,
   and that no other person can defeat such direction when assented to

by the insurer, does not operate to withdraw the cash surrender value from his estate in bankruptcy when the assignment was made to his wife expressly subject to his right to change beneficiaries or surrender the policy at any time.

236 Fed. Rep. 882, affirmed.

THE case is stated in the opinion.

*Mr. J. R. Pottle*, for petitioner, submitted. *Mr. I. J. Hofmayer* and *Mr. J. W. Kieve* were also on the brief.

*Mr. Sam S. Bennet*, with whom *Mr. John D. Pope*, *Mr. H. A. Peacock* and *Mr. Charles Akerman* were on the brief, for respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

In 1902 and 1905 the bankrupt took out two policies on his life in the Penn Mutual Life Insurance Company, loss under one payable to his "executors, administrators or assigns," under the other to his sister and brother with full power in the assured "while this policy is in force and not previously assigned, to change the present beneficiary or beneficiaries." By formal written instruments dated July 15, 1910, he assigned both policies to his wife "if she outlives me, otherwise to my estate, with full power to the insured to change the beneficiary or surrender this policy to said company at any time, this to be done by instrument in writing under his hand and seal to be recorded at the home office of the company."

While both policies were in the bankrupt's possession, the trustee demanded them in order that their cash surrender value might be secured and distributed under the Bankruptcy Act. The bankrupt defended upon two grounds: First, that the cash surrender value was not property which could have been transferred by him prior

to bankruptcy; and second, that the assignment to his wife could not be defeated by the trustee because protected by § 2498, Georgia Code, 1910, which provides—

"The assured may direct the money to be paid to his personal representative, or to his widow, or to his children, or to his assignee; and upon such direction given, and assented to by the insurer, no other person can defeat the same. But the assignment is good without such assent."

The Circuit Court of Appeals held both grounds of defense bad. 236 Fed. Rep. 882. As to the first, its ruling accords with the doctrine recently announced in *Cohen v. Samuels*, 245 U. S. 50. In respect of the second that court declared:

"Nothing in the terms of the statute, especially when they are considered in the light of the circumstances of its enactment, indicates that it had any other purpose or effect than to deny to anyone other than the assured himself the power to defeat a direction by him to pay to his personal representative, or to his widow, or to his children, or to his assignee, the money payable in a life policy issued to him. The provision does not purport to make every such direction by the assured irrevocable by him, or to invalidate a stipulation in a life policy giving the assured the right to change the beneficiary at any time during the continuance of the policy. The statute puts a direction by the assured to pay to his widow on the same footing as one to pay to his assignee. If a policy is assigned as security for a debt which the assured pays during his life, certainly the statute is not to be given the effect of putting it out of the power of the assured to change the beneficiary upon the reassignment of the policy to him by the satisfied creditor. Nothing in its terms justifies giving it a different operation or effect in the case of a direction to pay to the widow. We are not of opinion that the provision quoted had the effect of conferring on the

bankrupt's wife, as the result of her having been named as the beneficiary, a vested and indefeasible interest in policies by the terms of which the beneficiaries could be changed by the bankrupt at any time." And we approve its conclusion.

Petitioner has not complained here of the action below concerning a third policy, issued by the New York Life Insurance Company.

The judgment of the Circuit Court of Appeals is

*Affirmed.*