FREDERICK, TRUSTEE IN BANKRUPTCY OF SCHMIDT, v. FIDELITY MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA.

CERTIORARI TO THE SUPERIOR COURT OF THE STATE OF PENNSYLVANIA.

No. 547. Submitted January 3, 1921.—Decided May 16, 1921.

An insurance company which paid to the beneficiary the amount of a life insurance policy, in strict conformity with its terms, after the death of the insured and without notice of his pending bankruptcy or claim made by the bankruptcy trustee, is not liable to pay the trustee the surrender value under § 70a of the Bankruptcy Act. P. 397.

75 Pa. Sup. Ct. Rep. 77, affirmed.

THE case is stated in the opinion.

*Mr. Lowrie C. Barton* for petitioner.

*Mr. George Sutherland* for respondent.  *Mr. John C. Slack*, *Mr. O. S. Richardson* and *Mr. W. D. N. Rogers* were also on the brief.

MR. JUSTICE PITNEY delivered the opinion of the court.

John E. Schmidt having died pending bankruptcy, his trustee, the present petitioner, sued the Insurance Com-

pany, respondent, in the Court of Common Pleas of Allegheny County, Pennsylvania, to recover the proceeds of a certain policy of life insurance, with interest from the date of death. By an amended statement plaintiff limited his claim to the surrender value of the policy at the time of the adjudication of bankruptcy. The Court of Common Pleas gave judgment in favor of defendant; on appeal the Superior Court affirmed the judgment (75 Pa. Sup. Ct. Rep. 77); the Supreme Court of the State refused an appeal, thereby making the judgment of the Superior Court final; and a writ of certiorari brings the case here.

The facts in brief are as follows: September 20, 1902, the insurance company issued a policy of insurance upon the life of John E. Schmidt in the sum of $1,000, payable upon surrender of the policy properly receipted, after acceptance of proof of death; payment to be made to his wife, Annie M. Schmidt, or, if he should survive her, then to his administrators, executors or assigns, subject to certain provisions, one of which was: "The insured, with the written approval of the President or Vice-President, may upon the surrender of this policy, change the beneficiary, or with such approval it may be assigned." December 19, 1912, a petition in involuntary bankruptcy was filed against Schmidt; on January 8th following he was duly adjudged a bankrupt; and one month later petitioner was elected and duly qualified as his trustee. The policy was not included in the schedule of assets, and petitioner had no knowledge of it until after the proceeds had been paid by the insurance company to the widow. Upon the date of the adjudication of bankruptcy the policy had a cash surrender value of $322. April 4, 1913, the bankrupt died, proof of the fact and cause of his death was duly made and accepted by the company, and May 7, 1913, it paid the face of the policy to the beneficiary named therein and took her receipt therefor. Neither

then nor at any time before had the company knowledge of the adjudication in bankruptcy, or notice that the trustee would claim the whole or any part of the policy.

The trustee's suit to recover the surrender value is grounded upon § 70a of the Bankruptcy Act (July 1, 1898, c. 541, 30 Stat. 544, 565), under which the trustee is vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt, to rights and property not exempt, including "(3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; . . . (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: *Provided,* That when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets; . . ."

This provision shows it was the purpose of Congress to pass to the trustee whatever sum was available to the bankrupt at the time of bankruptcy as cash assets to be realized on surrender of the policy, but otherwise to leave to the insured the benefit of his life insurance. *Burlingham* v. *Crouse,* 228 U. S. 459, 473; *Everett* v. *Judson,* 228 U. S. 474. In two recent cases, *Cohen* v. *Samuels,* 245 U. S. 50, 53; *Cohn* v. *Malone,* 248 U. S. 450, we have held that the surrender value of a policy not in terms payable to the bankrupt but which could be made so payable at the bankrupt's will by a simple declaration changing the

beneficiary, must be regarded as assets to which the trustee in bankruptcy was entitled. In each case the question arose while the policy was in the bankrupt's possession unmatured, and the interest of the insurance company was not affected. Here the question is whether, after the death of the insured and payment of the stipulated amount to the beneficiary named in the policy in strict conformity to its terms, without notice of the bankruptcy or claim made by the trustee, there is a liability on the part of the insurance company to pay to the trustee the surrender value that, on complying with the terms of the policy, he might have demanded.

It is not enough to sustain the trustee's claim to say that the filing of the petition in bankruptcy was a caveat to all the world, and in effect an attachment and injunction, and that on adjudication title to the bankrupt's property became vested in the trustee. *Mueller* v. *Nugent*, 184 U. S. 1, 14. The asserted right of property arose out of a contract under which the insurance company had rights as well as the insured. The company's contract was to pay the stipulated amount to the beneficiary first named on receiving proof of death of the insured, unless the latter should have surrendered the policy and, with the written approval of the head officer of the company, have changed the beneficiary. The requirement of such surrender and approval was for the protection of the company, so purposed that at least it should have notice before its liability under the policy was modified. Section 70a of the Bankruptcy Act cannot be construed to give to the trustee in bankruptcy a right as against the company to demand that the surrender value be made assets of the estate, as by a change in beneficiary, without timely notice to the company of a demand for such a change; for the section in its very words contemplates that the cash surrender value shall have been "ascertained and stated to the trustee by the company issuing the" policy.

In the present case, the company, having in good faith performed the contract according to its terms, without the notice that the contract called for as a condition of changing the terms, can not be called upon to make the further payment demanded by the trustee. *Frederick* v. *Metropolitan Life Ins. Co.*, 239 Fed. Rep. 125.

*Judgment affirmed.*