---

## In re JENS.

(District Court, S. D. Iowa, W. D. May 31, 1921.)

1. **Bankruptcy** �köⁿ143(12)—**Trustee entitled to surrender value of insurance policies payable to wife, with absolute right to change beneficiaries.**

Insurance policies on the life of a bankrupt, payable to his wife, but reserving to him the absolute right to change the beneficiary, so that the bankrupt had full control over the policies, are assets of his estate, and the trustee is entitled to receive the surrender value thereof.

2. **Bankruptcy** ⊃143(12)—**Necessity of consent of beneficiary to surrender for protection of insurer does not defeat trustee's right to surrender value of insurance policies.**

Where an insurance policy on the bankrupt's life, payable to his wife, reserved to him the absolute right to change the beneficiary, the fact that the consent of the present beneficiary was necessary to a surrender of the policies for the protection of the company against possible controversy does not defeat the trustee's right to the surrender value of the policy.

3. **Bankruptcy** ⊃396(3)—**State statute held not to exempt to insured surrender value of policy, whose beneficiary could be changed.**

Code Iowa 1897, § 1805, providing that a policy of insurance shall inure to the separate use of the husband or wife of insured independently of his creditors, applies to the proceeds of a policy of insurance on the death of insured, especially in view of the further language of the section specifically exempting the proceeds of an endowment policy, and therefore does not prevent the trustee in bankruptcy from claiming the surrender value of the policy on the life of the bankrupt, the beneficiary of which he had the absolute right to change.

In Bankruptcy. In the matter of Harry John Jens, bankrupt. On petition by the trustee in bankruptcy for review of an order of the referee holding certain insurance policies on the life of the bankrupt exempt. Order reversed, and case remanded to referee for further proceedings.

W. H. Schurz, of Council Bluffs, Iowa, for bankrupt.
Galvin & Byers, of Council Bluffs, Iowa, for trustee.

WADE, District Judge. 1. Harry John Jens was duly adjudged a bankrupt. The referee, upon application of the trustee and resistance by the bankrupt, held that certain policies of the bankrupt, issued by the Northwestern Mutual Life Insurance Company, in the sum of $25,-000, were exempt to the bankrupt, and that the trustee was not entitled to their possession, nor to the surrender value thereof. The Northwestern Mutual Life Insurance Company is making no resistance, being ready to pay the surrender value to the trustee or bankrupt as may

be adjudged. Two other policies are also involved, but there is no certainty as to surrender value, and in any event, they will be governed by the ruling herein.

[1] 2. The material facts are not in dispute. In each of the policies the wife of the insured was named as beneficiary, but by the expressed terms of each of the policies the insured (the bankrupt) reserved the absolute right to change the beneficiary at will. No change of beneficiary has been made.

3. The wife is not a party to this proceeding, nor is she making any claim to the policies.

"The authorities are uniform in holding that when the right to change a beneficiary is reserved in the contract, and in the absence of other controlling provisions, the beneficiary named in the certificate acquires no vested interest until the death of the assured, and prior to that time the assured may change the beneficiary at will." Carpenter v. Knapp, 101 Iowa, 712, 70 N. W. 764, 38 L. R. A. 128, and numerous cases cited.

[2] 4. Whether, under the terms of the policies, the consent of the present beneficiary is necessary to the surrender of the policies for their present value, it is unnecessary to decide. If such consent is required, it is merely for the protection of the company against possible controversy or dispute, because, so far as present value is concerned as a property right, it belongs absolutely to the insured, and not to the beneficiary. The Supreme Court of the United States in Cohen, Trustee, v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143, says:

"It is true the policies in question here are not so payable [to himself, estate or personal representative], but they can be or could have been so payable at his own will and by simple declaration."

5. In the consideration of the question before the court, the element of public policy must not be overlooked. If the contention of the bankrupt be sustained, there is nothing to prevent any failing creditor from investing all his assets in life insurance, over the proceeds and surrender value of which he retains absolute control, and thus he would be enabled in bankruptcy proceedings to be cleared of all obligations while he possessed and retained property of large value. In Cohen v. Samuels, supra, the Supreme Court of the United States says:

"Under such conditions [a policy with surrender value in which the insured retains the right to change the beneficiary], to hold that there was nothing of property to vest in a trustee would be to make an insurance policy a shelter for valuable assets, and it might be a refuge for fraud."

In Burlingham v. Crouse, 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, the court says:

"Congress recognized also that many policies at the time of bankruptcy might have a very considerable present value, which a bankrupt could realize by surrendering his policy to the company. We think it was this latter sum that the act intended to secure to creditors by requiring its payment to the trustee as a condition of keeping the policy alive."

[3] 6. In view of the foregoing considerations, it is quite apparent that the trustee is entitled to the surrender value of the policy, unless such surrender value is expressly exempted by section 1805, Code of Iowa 1897, which is as follows:

"Sec. 1805. *Policy Exempt from Execution.* A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors. The proceeds of an endowment policy payable to the assured on attaining a certain age shall be exempt from liability for any of his debts. Any benefit or indemnity paid under an accident policy shall be exempt to the assured, or in case of his death to the husband or wife and children of the assured, from his debts. The avails of all policies. of life or accident insurance payable to the surviving widow shall be exempt from liability for all debts of such beneficiary contracted prior to the death of the assured, but the amount thus exempted shall not exceed five thousand dollars."

In construing such a statute, the whole of the enactment must be considered together. Carefully reading the language of the Legislature it is quite apparent that we can find no words which cover the contention in the case at bar. The first sentence does not use the word "exemption." It states that "a policy of insurance * * * shall inure to the separate use of the husband or wife and children of said individual, independently of his creditors." How can a policy of insurance "inure to the separate use of the husband or wife and children" under the circumstances of this case? The wife and children are making no claim and could make none. The person making the claim is not the "husband"; he is the insured. He is demanding that a property interest belonging absolutely to him shall be held exempt, not to his wife or children, but to himself. The section cannot bear such construction. It is quite apparent that, when the Legislature used the words "policy of insurance," it meant "proceeds" of a policy of insurance. This follows clearly from the latter words, "inure to the separate use of the husband or wife and children." It means that upon the death of the husband the proceeds shall inure to the benefit of the wife, and in case the policy be upon the wife it shall upon her death inure to the benefit of the husband, and in each case that the children shall become vested with an interest therein.

This conclusion is required by further language of the section, which exempts specifically the proceeds of an endowment policy, which, if the previous language meant the policy itself, would be entirely unnecessary, because the language "policy of insurance" includes all forms of policies.

From the foregoing it follows that the ruling by the referee must be reversed. The conclusion reached herein is not inconsistent with the opinion of Justice White in Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, when due consideration is given to differences in the terms of the policies, and to the distinction between the statutes involved. Support is found in Re Moore (D. C.) 173 Fed. 679, 23 Am. Bankr. R. 110.

The case is remanded to the referee for further proceedings consistent with this opinion.

The bankrupt excepts.