ABERLE v. McQUAID.

(Circuit Court of Appeals, Eighth Circuit. September 14, 1922.)

No. 209.

Bankruptcy ☞396(3)—Policies payable to bankrupt's wife held not exempt.

Life insurance policies payable to bankrupt's wife, containing a right of revocation, thereby giving insured the right to change beneficiaries, held, under Bankruptcy Act, §§ 6, 70a (3), (5) (Comp. St. §§ 9590, 9654), to pass to the trustee as assets in bankruptcy not being exempt under Gen. St. Minn. 1913, §§ 3465, 3466, providing that the beneficiary shall be entitled to policy proceeds against creditors.

Petition to Revise Order of the District Court of the United States for the District of Minnesota; Wilbur F. Booth, Judge.

Proceeding by David W. Aberle, as trustee in bankruptcy of Harry W. McQuaid, bankrupt, against Harry W. McQuaid, to determine exemptions. Order for the bankrupt, and the trustee petitions to revise. Reversed.

Albert R. Moore, William H. Oppenheimer, George W. Peterson, Frank C. Hodgson, and John M. Bradford, all of St. Paul, Minn., for petitioner.

Bishop H. Schriber, of St. Paul, Minn., for respondent.

Before SANBORN and LEWIS, Circuit Judges, and COTTERAL, District Judge.

COTTERAL, District Judge. The question presented for revision in this case is whether two life insurance policies issued to the bankrupt by the Metropolitan Life Insurance Company, each for $10,000, and having cash surrender values, respectively, of $986 and $1,098, were exempt property, or passed to the trustee as assets in bankruptcy.

From the agreed facts, it appears that one of the policies was payable on the death of the bankrupt to his brother, was reassigned to the bankrupt, and later the company by indorsement on the policy declared the insurance payable on his death to his wife, if living, otherwise to his estate; that the other policy was payable on his death to his wife; and that in each policy there was a right of revocation, which meant, and was intended by the company, the assured, and the beneficiary to mean, that the assured had the right to change the beneficiary. The District Judge, adhering to a former opinion in another case and following In re Johnson (D. C.) 176 Fed. 591, ruled that the policies did not pass to the trustee, but were exempt under the Minnesota law, and accordingly allowed the claim to them as exempt property.

By section 6 of the Bankruptcy Act (Comp. St. § 9590), exemptions are saved to a bankrupt as prescribed by state law, and by Section 70a (3) and (5), being Comp. St. § 9654, the trustee succeeds to non-exempt property of the bankrupt, consisting of certain powers of the bankrupt and property subject to levy or sale, provided he may pay to the trustee the cash surrender value of any life insurance policy, pay-

able to himself, his estate, or personal representatives; otherwise, it will pass to the trustee as assets. It has been settled by the Supreme Court that the purpose of the act was to vest in the trustee the surrender value of a policy available to the bankrupt as a cash asset at the time of bankruptcy, although payable to a beneficiary other than the bankrupt, his estate, or personal representatives. Burlingham v. Crouse, 228 U. S. 459, 33 Sup. Ct. 564, 57 L. Ed. 920, 46 L. R. A. (N. S.) 148; Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. Ed. 143; Cohn v. Malone, 248 U. S. 450, 39 Sup. Ct. 141, 63 L. Ed. 352.

There is no dispute that the trustee was entitled to realize the cash surrender values of the policies in question, unless they were preserved to the beneficiary by the Minnesota statutes, which are as follows:

Section 3465: "Whenever any insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors and representatives of the person effecting the same. All premiums paid for insurance in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy, if the company be specifically notified thereof in writing before payment."

Section 3466: "Every policy made payable to, or for the benefit of, the wife of the insured, or after its issue assigned to or in trust for her, shall inure to her separate use and that of her children, subject to the provisions of section 3465. But the person applying for and procuring such policy may change the beneficiary or beneficiaries, if the consent of the beneficiary or beneficiaries named in the policy is obtained, or if a power so to do is reserved in the contract of insurance, or in case of the death or divorcement of a married woman named as beneficiary."

It is only necessary to inquire whether the bankrupt might control the beneficiary in these policies, for if so then by the authority cited they would pass to the trustee. The above statutes, so far as we are advised, have not been definitely construed in this respect by the Minnesota Supreme Court. We must therefore be guided by our own view of their meaning, which we should ascertain by considering together and harmonizing the provisions of both sections. We conclude that the legislative intent is in general that the beneficiaries, including the wife and children, are protected against creditors and the representatives of the assured, but that he may change the beneficiaries, if they should consent, or if the power be reserved to him in the contract of insurance.

The Georgia statute, quoted and passed upon in Cohn v. Malone, 248 U. S. 450, 39 Sup. Ct. 141, 63 L. Ed. 352, is not essentially dissimilar. It provides:

"The assured may direct the money to be paid to his personal representative, or to his widow, or to his children, or to his assignee; and upon such direction given, and assented to by the insurer, no other person can defeat the same. But the assignment is good without such assent."

It is to be noted that the insurance is there saved to the beneficiaries against all persons other than the assured, and the beneficiaries acquire no vested interest in such a policy. Cohn v. Malone, supra.

By the Minnesota statutes, power to change the beneficiaries in the policies under consideration was reserved to the assured, because they

were issued to the bankrupt with a right of revocation, meaning, concededly, he might change the beneficiaries. The result is the trustee is entitled to the policies as assets of the estate against the claim of exemption, subject to the right of the bankrupt to reclaim them by payment of the cash surrender values to the trustee, as provided in the Bankruptcy Act.

The order of the District Court, allowing the policies as an exemption, is therefore reversed.