## In re REDBORD.

## Petition of DERBY.

(Circuit Court of Appeals, Second Circuit. November 10, 1924.)

### No. 65.

**i. Bankruptcy ⬯446—Finding of fact not reviewable on petition to revise.**

A finding of fact by the District Court is binding on the appellate court on a petition to revise.

**2. Bankruptcy ⬯136(1)—Money must be in bankrupt's possession or under his control to warrant order requiring him to turn it over.**

To warrant an order on a bankrupt to turn over money, it must appear, not only that the money is a part of the bankrupt estate, but that it is in bankrupt's possession or under his control when the order is made.

**3. Bankruptcy ⬯143(12) — Insurance policy having surrender value passes to trustee on adjudication.**

A policy of insurance held by a bankrupt, which has a cash surrender value at the time of adjudication, becomes an asset of the estate to the extent of such value, and passes to the trustee, even when it is payable to a beneficiary other than bankrupt, if he has reserved absolute power to change the beneficiary.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the Matter of Joseph Redbord, bankrupt. On petition of Augustin Derby, trustee, to revise an order of the District Court. Affirmed.

Louis Susman, of New York City, for bankrupt.

Lesser & Lesser, of New York City, for trustee.

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

ROGERS, Circuit Judge. It appears that the trustee of the bankrupt made a motion before the referee for an order directing the bankrupt to pay over to the trustee the sum of $257.62, which the bankrupt had collected on April 9, 1923, upon a certain policy of life insurance, issued by the Metropolitan Insurance Company upon the bankrupt's life. The money which was collected by the bankrupt represented the cash surrender value of the policy on the day the petition in bankruptcy was filed. The referee granted the motion of the trustee and made an order directing the bankrupt to turn over the moneys so received by him. The order was dated March 5, 1924. The order then came before the District Judge for review on the application of the bankrupt, and on April 11, 1924, the order of the referee was vacated and set aside. Thereupon a petition to revise brought the matter to this court.

It appears that upon the hearing before the referee as special commissioner it was disclosed that the bankrupt carried a policy of life insurance with the Metropolitan Life Insurance Company, for the sum of $1,000,

upon which he had made a loan about three years previous thereto, amounting to about $500. He was directed to produce said policy before the special commissioner on April 10, 1923, to which date the examination was adjourned. He appeared on that date, and produced the policy of insurance, but it bore an indorsement to the effect that on April 7, 1923, the policy had been assigned by the bankrupt to the insurance company as collateral security for a loan, and that on April 9, 1923, the bankrupt had received from the insurance company the sum of $258.39. The bankrupt opposed the application, and filed an affidavit wherein he recited that the loan made upon the policy above referred to had been expended by him for living expenses; that he had been out of employment from February, 1923, to April, 1923, had earned no money with which to support his family, and obtained the loan in order that he might have means upon which he and his family could live; and that he was not, at the time of the application, in possession of the said moneys, or any part thereof.

[1] The statement of the bankrupt that he was not, at the time of the making of the application, in possession of the moneys borrowed from the insurance company, is uncontradicted, nor shown to be unworthy of belief. The court has found as a fact that the bankrupt at the time of the order was unable to comply with it; in other words, that he did not have the money in his possession or under his control. That finding of fact on a petition to revise binds this court, as we have no right on such a petition to review the facts.

[2] To warrant the order to turn over the money, it must appear not only that the money to be turned over is part of the bankrupt's estate, but that the money is in his possession or under his control at the time the order to turn it over is made.

[3] A policy of insurance held by a bankrupt, which has a cash surrender value at the time of adjudication, becomes, at the time of the adjudication, an asset to the extent of such value in the trustee, even when the policy is payable to a beneficiary other than the bankrupt, if the latter has reserved absolute power to change the beneficiary. Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143; Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352; Frederick v. Fidelity Insurance Co., 256 U. S. 395, 397, 41 S. Ct. 503, 65 L. Ed. 1009. In the policy involved herein the

bankrupt had reserved the power to change the beneficiary, and there is no doubt that the cash surrender value of the policy constituted assets to which the trustee in bankruptcy was entitled. But an order requiring a bankrupt to turn over money to his trustee must be based on a finding that he has, at the time the order is made, such money in his possession or under his control. It is well settled that a court of bankruptcy has no power to order the bankrupt to turn over the money or property which he has not at the time in his possession or under his control. In re Rosser, 101 F. 562, 41 C. C. A. 497; Boyd v. Glucklich, 116 F. 131, 53 C. C. A. 451; Samel v. Dodd, 142 F. 68, 73 C. C. A. 254; In re Brockton Ideal Shoe Co., 202 F. 199, 120 C. C. A. 447; Stuart v. Reynolds, 204 F. 709, 123 C. C. A. 13; Henkin v. Fousek, 246 F. 285, 290, 159 C. C. A. 15. See Remington on Bankruptcy (3d Ed.) § 2414.

Order affirmed.