## In re GRANT.

District Court, W. D. Wisconsin, August 8, 1927.

1. **Bankruptcy ☞143(12)—Surrender value of insurance policy, where payable to bankrupt, or which can be made payable on changing beneficiary, passes to trustee in bankruptcy.**

Where life insurance policy has surrender value payable in terms to bankrupt, or which could be made so payable on changing benefici-

ary, it must be regarded as assets to which trustee in bankruptcy is entitled.

2. **Bankruptcy ☞143(12)—That right to mature surrender value of insurance policy is personal to insured does not prevent its passing to trustee in bankruptcy (Bankruptcy Act, § 70a, cl. 3 [11 USCA § 110]).**

That right to mature claim for surrender value of life insurance policy is personal to insured does not prevent cash value from passing to trustee in bankruptcy as an asset, in view of Bankruptcy Act, § 70a, cl. 3 (11 USCA § 110).

3. **Bankruptcy ☞143(12)—Policy reserving right to change beneficiary, and providing for cash surrender value, passed as asset to trustee in bankruptcy of insured (St. Wis. 1925, §§ 272.18, 246.09; Bankruptcy Act, §§ 6a, 70a [11 USCA §§ 24, 110]).**

Life insurance policy held by bankrupt, in which wife was named as beneficiary, having provision that insured could change beneficiary, and providing for cash surrender value, was not exempt, under St. Wis. 1925, §§ 272.18, 246.09, and passed to trustee as an asset, under Bankruptcy Act, §§ 6a, 70a (11 USCA §§ 24, 110).

4. **Bankruptcy ☞143(12)—Insurance policy, having cash surrender value payable to both insured and beneficiary, did not pass to trustee in bankruptcy of insured (Bankruptcy Act, § 70a [11 USCA § 110]).**

Life insurance policy held by bankrupt, in which his wife was named as beneficiary, in which no right to change beneficiary was reserved, and having no provision for cash surrender value, but which had cash surrender value payable only upon surrender by both insured and beneficiary, to both and not to either one alone, did not pass to trustee in bankruptcy as an asset, under Bankruptcy Act, § 70a (11 USCA § 110).

In Bankruptcy. In the matter of Alexander Grant, bankrupt. On review of an order of Charles A. Wilson, referee. Affirmed in part, and in part reversed.

F. A. Eckman, of Superior, Wis., for bankrupt.

G. H. Winsor, of Superior, Wis., for trustee.

LUSE, District Judge. Of a number of insurance policies held by the bankrupt, in which his wife was named as beneficiary, the referee in the order above mentioned held that a policy in the Prudential Insurance Company, dated November 6, 1913, for $2,000, is not exempt, and passed to the trustee as an asset, and held likewise with reference to a policy in the New York Life Insurance Company for $977. With respect to the other policies the referee held that they did not constitute an asset in the hands of the trustee. The bankrupt seeks review with respect to

the order so far as it affects the Prudential and New York Life policies.

Section 6 of the Bankruptcy Act (11 USCA § 24) provides as follows:

"a. This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

Section 70a of the Bankruptcy Act (11 USCA § 110), so far as material, reads as follows:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, * * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except insofar as it is to property which is exempt, to all * * * (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person, * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay, or secure to the trustee the sum so ascertained and ·stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets."

The Wisconsin Statutes relevant to the inquiry are sections 272.18 and 246.09, which are respectively as follows:

"Sec. 272.18. All moneys arising under any policy of insurance payable to a married woman or to any person in trust for her or her benefit shall be exempt from the claims of her husband and of the person effecting or assigning such insurance for her benefit and from the claims of their respective representatives and creditors, subject to the provisions of section 246.09."

"Sec. 246.09. * * * and any person, whether her husband or not effecting any insurance on his own life or on the life of another may cause the same to be made payable or assign the policy to a married woman or to any person in trust for her or her benefit; and every such policy, when expressed to be for the benefit of or assigned or made payable to any married woman or any such trustee, shall be the sole and separate property of such married woman and shall inure to her separate use and benefit and that of her children, and in case of her surviving the period or term of such policy the amount of the insurance shall be payable to her or her trustee for her own use and benefit, free from the control, disposition or claims of her husband and of the person effecting or assigning such insurance and from the claims of their respective representatives and creditors."

[1] In view of Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143, and Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352, together with Frederick v. Fidelity Insurance Co., 256 U. S. 395, 41 S. Ct. 503, 65 L. Ed. 1009, the question is settled that where a policy of life insurance has a surrender value, payable in terms to the bankrupt, or if not in terms payable to him, but which could be made so payable at the bankrupt's will by a simple declaration changing the beneficiary, it "must be regarded as assets to which the trustee in bankruptcy was entitled." In so far as the policies in question conform to this condition, they must be regarded as assets which would pass to the trustee under the provisions of section 70 above quoted, unless such policies are exempt, as provided in section 70a and section 6 of that act.

Whether the policies are exempt depends upon their provisions and whether they come within the terms of the Wisconsin Statutes above quoted. There has been considerable uncertainty with reference to the intent of the law in Wisconsin since the passage of the statutes under consideration, and until the decisions in Hilliard v. Life Ins. Co., 137 Wis. 208, 117 N. W. 999, supplemented by Nat. Life Ins. Co. v. Brautigam, 163 Wis. 270, 154 N. W. 839, 157 N. W. 782, and Christman v. Christman, 163 Wis. 433, 157 N. W. 1099. In the Hilliard Case it was determined that it was competent for the insured and insurer to incorporate in a life insurance policy payable to his wife a provision that the policy might be surrendered by the insured, and in the event of such surrender the beneficiary should have no claim whatever upon the company. It was held that this phrase took the policy outside of the provisions of what is now section 246.09 of the Wisconsin Statutes, and in the Brautigam Case, after first holding the contrary, on rehearing the Wisconsin court held that it was competent for the insured and insurer to incorporate in a life insurance policy payable to the wife of the insured that the

latter reserve the right to change the beneficiary, and that such a provision is valid, and under such a provision the husband might change the beneficiary, though it be his wife, without her consent.

In the Christman Case it was held that this power to change the beneficiary must be exercised according to the provisions of the policy, and not otherwise, and that it could not be done by will. In this case this power or privilege of changing the beneficiary is spoken of as "a power reserved." And in the Hilliard Case it was said: "It must follow, as we view the matter, that under the terms of the policy the right to mature a claim for a surrender value is personal to respondent."

[2] The fact that this privilege or power is deemed personal to the insured is stressed somewhat by counsel for the bankrupt as bearing upon his claim that the right does not pass to the trustee. But this is not thought sound, in view of the provisions of subdivision 3 of section 70a of the Bankruptcy Law.

Assuming, but not deciding, that the exemption, not in favor of the bankrupt, but in favor of his wife, is covered by the phrase "except in so far as it is to property which is exempt," appearing in section 70a, it is clear under the Wisconsin decisions above referred to that provisions in the policy providing for the surrender and payment of the surrender value to the insured, and also those reserving to the insured the right to change the beneficiary without the latter's consent, are valid provisions, and where they appear in the policy take the policy out of the provisions of section 246.09 of the Wisconsin Statutes, at least prior to its maturity.

Bankrupt relies largely upon Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018, and Allen v. Central Wis. Trust Co., 143 Wis. 381, 127 N. W. 1003, 139 Am. St. Rep. 1107. However, the Holden Case is not applicable, in view of the provision of the Washington law "that the proceeds or avails of all life insurance shall be exempt from all liability for any debt." That provision exempted to the bankrupt the surrender value of life insurance policies, and came clearly within the terms of section 6 of the Bankruptcy Act, as well as the exception as to exempt property found in section 70a. Al-

len v. Central Wis. Trust Co. was decided by the Wisconsin Supreme Court before that court finally arrived at its conclusion, expressed in the Brautigam Case, that the right to change the beneficiary could validly be reserved, and was also determined without the aid of the later decisions in the United States Supreme Court hereinbefore alluded to.

In the policy in suit, issued by the Prudential Insurance Company, it is provided: "The insured may, at any time when this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy, such change to take effect only upon endorsement of the same on the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease."

[3] The policy also contains a provision for cash surrender value, and it appears therein that it had such a value, if the surrender were effected on or before August 6, 1926, of $481, less an indebtedness of $133.41. It is entirely clear, then, that so far as this policy is concerned the insured had the right to change the beneficiary without her consent, thus terminating all her rights under the policy, and to surrender the policy and receive its cash surrender value. This being so, the order of the referee was clearly right with respect to this policy.

[4] With respect to the policy in the New York Life Insurance Company, however, no right to change the beneficiary was reserved, nor, for that matter, was any provision for a cash surrender value contained in the policy. However, it appears in evidence that the same has a cash surrender value, but payable only upon surrender by both the insured and the beneficiary, and such value payable to both, and not to either one alone. As to this latter policy, therefore, it does not come within the provisions of section 70a, and the order of the referee was erroneous in that regard.

It is therefore ordered and adjudged that the order of the referee, filed June 30, 1927, be and the same is hereby affirmed in so far as it relates to the policy of the Prudential Insurance Company of America, dated November 6, 1913, and said order is hereby reversed so far as it relates to the policy issued by the New York Life Insurance Company, No. 684610, for $977.