## MASSACHUSETTS MUT. LIFE INS. CO.
### v. SWITOW et al.
#### Civ. A. No. 80.

District Court, W. D. Kentucky.

Jan. 20, 1940.

Bruce & Bullitt, of Louisville, Ky., for plaintiff.

Charles W. Morris and Morris & Garlove, all of Louisville, Ky., for Samuel J. Switow.

Troy C. Davis, of Miami, Fla., for Gerstel, trustee.

MILLER, District Judge.

The Massachusetts Mutual Life Insurance Company on September 23, 1919 insured the life of Charles Gordon in the amount of $10,000, and on March 22, 1921 insured the life of Charles Gordon in the additional sum of $10,000. Gordon died on July 9, 1938 and after deducting outstanding loans against the two policies there was payable by the company to the beneficiary the sum of $15,352.20. When the policies were issued the insured designated his mother, Etta Gordon, as the beneficiary in both policies. The beneficiary was changed from time to time until on August 5, 1935 the defendant Samuel J. Switow was named beneficiary and continued as such until the death of the insured. On account of conflicting claims to the proceeds of the two policies the insurance company filed its bill of interpleader under the provisions of 28 U.S.C.A. § 41, subsec. 26, and paid into court the proceeds in question. It made defendants to the action the beneficiary Switow, and Lee M. Gerstel, Trustee in Bankruptcy of Charles Gordon, the insured, who also claimed the proceeds.

Gordon had filed his petition in bankruptcy as a resident of Florida on October 5, 1928. At that time the cash surrender value of the two policies was $977.50, but the policies were not listed as assets of the bankrupt estate. Creditors received no dividends because there developed no assets for payment of claims. The trustee in bankruptcy claimed that the named beneficiary Samuel J. Switow was a relative by marriage of the insured, had no insurable interest in the policies, and that so much of the policies as were necessary to pay the unpaid claims in bankruptcy should be paid to the trustee for that purpose. This contention was later modified to the extent that the trustee claimed the cash

810

surrender value of both policies as of October 5, 1928, the day on which the petition in bankruptcy was filed. These contentions have been set up by separate answers, as amended, to the bill of interpleader and to the answer of Switow to the bill of interpleader. Switow has moved to strike the allegations setting up these claims from the two pleadings above referred to. For the purposes of a ruling on this question the facts are undenied.

 It is well settled that the rights of a trustee in bankruptcy with respect to existing insurance policies on the life of the bankrupt are determined as of the date of bankruptcy. If the policy has a cash surrender value the trustee may under some conditions succeed in obtaining this cash surrender value as an asset of the estate. Section 70 Bankruptcy Act, 11 U.S.C.A. § 110; In re McKinney, D.C., 15 F. 535; In re Dreuil & Co., D.C., 221 F. 796; In re Chandler, D.C., 290 F. 988; Burlingham v. Crouse, 228 U.S. 459, 33 S.Ct. 564, 57 L.Ed. 920, 46 L.R.A.,N.S, 148. Accordingly, Switow's interest in the proceeds of the policies, which he acquired by being named beneficiary on August 5, 1935, about 7 years after the adjudication in bankruptcy can not be attacked or defeated by the trustee in bankruptcy except insofar as the trustee may be able to establish his claim to the cash surrender value as of October 5, 1928. This makes it unnecessary to discuss whether or not Switow had an insurable interest and also whether the trustee in bankruptcy was the proper person to raise such an issue.

The trustee claims that although the policies were payable to the mother of the insured at the time of bankruptcy, yet the right of the insured to change the beneficiary made the cash surrender value an asset of the bankrupt estate. Numerous authorities are cited in support of this contention, including Cohen v. Samuels, 245 U.S. 50, 38 S.Ct. 36, 62 L.Ed. 143; Cohn v. Malone, 248 U.S. 450, 39 S.Ct. 141, 63 L.Ed. 352, and Frederick v. Fidelity Insurance Company, 256 U.S. 395, 41 S. Ct. 503, 65 L.Ed. 1009. He further contends that the Section 655 of the Kentucky Statutes exempting such insurance policies from the effect of bankruptcy is not applicable because the insured became a resident of Florida before he filed his petition in bankruptcy, and that the Florida Statute exempting such insurance policies from the effect of bankruptcy is not applicable be-

cause it was not passed until 1925 (Comp. Gen.Laws Fla.1927, § 7066), which was several years subsequent to the times when the policies were issued. In my opinion a consideration of the two exemption statutes is unnecessary due to the particular wording of the policy provisions dealing with the right of the insured to change the designated beneficiary.

Each policy provides by its terms "the right successively to change the beneficiary as provided in the application to this policy has been reserved." The applications, photostatic copies of which are filed with the petition together with photostatic copies of the policies themselves, provide as follows: "Within 31 days from the date of default, the insured may surrender the policy and with the written assent of the person to which it is made payable, receive its value in cash, but the company may at its option defer the granting of such surrender value for a period not exceeding 90 days from the date of the application therefor."

The application also shows the election by the insured to limit the change of beneficiary in the following way: "The right to change only to a relative by blood or marriage, or to a dependent, but not to myself or my estate or personal representative."

It will thus be seen that the right to change the beneficiary is not unlimited and that the policy can never be payable to the estate of the insured. Also the right to collect the cash surrender value is not unlimited, but requires the written consent of the beneficiary. At the time of the adjudication in bankruptcy the insured's mother was the beneficiary under both policies and continued as such beneficiary until the change was made to Switow in August 1935. There is nothing in the record to indicate that she consented in writing to the surrender of the policy for its cash surrender value or that she would have been willing to do so if requested by the insured. The cases referred to by the trustee recognize the right of the trustee to obtain the cash surrender value of an insurance policy where the insured has the unconditional right to change the beneficiary to his own estate. Such authorities are not applicable to the present situation because, first, the assured does not have the unconditional right to surrender the policy for its cash surrender value, and, secondly, because under no conditions can

the beneficiary be changed to his own estate where he would have such an unconditional right. This distinction has been recognized by other authorities. In re Fetterman, D.C., 243 F. 975; In re Gannon, 2 Cir., 247 F. 932; In re Simmons, 1 Cir., 255 F. 521; Hume v. Bank of Washington, 128 U.S. 195, 206, 9 S.Ct. 41, 32 L.Ed. 370; 68 A.L.R. 1227, 1228.

Accordingly, I am of the opinion that under the particular facts in this case the trustee in bankruptcy has no valid claim to the cash surrender value of the policies in question, on October 5, 1928 when the petition in bankruptcy was filed, that the dealings between the insured and Switow thereafter were matters which did not concern or affect the trustee, and that he has no valid claim to any part of the proceeds of said life insurance policies following the death of the insured on July 9, 1938. The motions of the defendant Switow to strike from the amended pleadings of the trustee in bankruptcy the allegations setting up such a claim are sustained.

The defendant Switow has also moved for judgment awarding him the funds in Court and for costs against the co-defendant Gerstel, Trustee. Action on this motion is premature at the present time, as opportunity should be given for further pleading by the Trustee, if desired, after the present ruling. Rule 15 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Ten days is given for filing an amended pleading, and upon the failure to file such, defendant Switow's motion for judgment will be sustained.