## In re ARBEE UPHOLSTERING CO., Inc.
### No. 36098.

District Court, E. D. New York.

Sept. 24, 1942.

Duberstein & Schwartz, of Brooklyn, N. Y., for petitioners Rose and Murray Baum.

John H. Gamaldi, of Brooklyn, N. Y., and Meyer Lindenbaum, of New York City, for Trustee.

ABRUZZO, District Judge.

The bankrupt corporation herein filed its petition on December 3, 1938. Approximately one year thereafter, or on December 16, 1939, the trustee commenced a turnover proceeding against Rose Baum and Murray, petitioners in the present motion, as the officers of the bankrupt corporation. By that application, the trustee sought to make Rose Baum and Murray Baum account for and turn over the cash amount of $12,645.60 and merchandise in the sum of $7,888.29.

The issue was tried before the referee, at which time a great deal of testimony was adduced. It was his decision that Rose and Murray Baum had in their possession or under their control merchandise or its equivalent in the sum of $4,413.47. An order, pursuant to the opinion, was entered on February 17, 1942, directing the petitioners to turn over the merchandise or its equivalent in the sum of $4,413.47.

There were not any reasons given for the conclusions reached by the referee except that he was not impressed with the veracity of the statements made by Rose Baum. His opinion was very brief.

The petitioners contest the decision of the referee on two grounds, viz., that the record was insufficient to establish a merchandise turnover; and that the original transfers occurred some thirty-nine or forty-five months prior to the entry of the referee's order.

The trustee claims on the other hand that the amount of merchandise shortage was determined by the percentage of gross profit made by the bankrupt corporation during the year 1937, such profit having been corroborated by the petitioner's (Rose Baum's) admissions; thereby justifying the establishment of a merchandise turnover.

The testimony of Rose Baum at the examinations showed that there was a gross profit of fifteen (15%) or seventeen and one-half (17½%) per cent, and in some instances thirty (30%) per cent, in the years prior to the filing of the petition in bankruptcy. The referee limited the gross profit to seventeen and one-half (17½%) per cent.

Upon the hearing of the issues, the accountant for the trustee, Bernard Steinberger, testified that the merchandise turnover was based solely upon a theoretical estimated profit earned during the year 1938 derived from the past history of the bankrupt corporation as reflected by its books for the year 1937 and prior similar periods of time. The accountant stated that upon schedules prepared by him there was a net shortage shown of $7,001.97 which was later reduced to $5,971.98. Further adjustments from evidence adduced at the hearings indicated that the bankrupt was entitled to a credit of $2,588.50, establishing the shortage at $4413.47 (Exhibit No. 1, May 5, 1941).

It would seem that the bankrupt sold merchandise during the year 1937 at a gross profit of seventeen and one-half (17½%) per cent and that the accountant assumed that there was the same rate of gross profit for the following year 1938.

Rose Baum, one of the petitioners, testified that in 1938, the bankrupt corporation was practically breaking even due to labor difficulties which resulted in selling the merchandise below cost; that prior to filing its petition in bankruptcy, the corporation suffered "terrific" losses, and that the customers' notes in payment of merchandise were seized by the agencies through which they had been discounted, causing additional losses.

Thus, a situation existed where the 1938 books did not reflect a gross profit of 17½%, corroborated by the testimony of the petitioner, Rose Baum, as against the assumption of the accountant that since there was a gross profit of seventeen and one-half (17½%) per cent for the year 1937 and prior years, a similar gross profit was had in 1938.

■ It is inconceivable that a finding resulting in a turnover order can be based on such an assumption. It has been established that to be successful in a turnover proceeding the trustee must prove his contention by evidence that is clear and convincing. In re Deutscher, D.C., 33 F.Supp. 576.

■ A fair inference may be drawn from the circumstances that since the bankrupt corporation conducted its business to show a seventeen and one-half (17½%) per cent gross profit on sales for 1937 and years prior thereto, they would continue to do so. However, the books of the bankrupt corporation did not reflect such a profit, in addition to the fact that testimony given of labor difficulties during 1938 resulting in losses was not controverted. Under those conditions, the inference that the bankrupt had made a profit similar to preceding years is destroyed and unwarranted.

■ It is the opinion of this court that the record is insufficient to warrant the decision reached by the referee since the trustee's position has not been established by the weight and quality of evidence required by the cases governing this matter.

In view of this conclusion, it becomes unnecessary for the Court to explore the second contention raised by the petitioners in their petition.

Therefore, the petition to review and the motion to reverse the order of the referee, dated February 17, 1942, are granted.

Settle order on two (2) days' notice.