### BOWERS *v.* PARKER.

The right to the possession of a life insurance policy, during the term of insurance, is in the person who effects the insurance and pays the premiums on the policy.

An action for the possession of a life insurance policy cannot be maintained by the payee against an assignee of the policy during the life of the person on whose life and by whom the insurance was effected.

If the rights of the payer are injuriously affected by an assignment of the policy, his remedy is by bill in equity.

DETINUE, for a life insurance policy.    Facts found by a referee. The policy was issued in June, 1858, on the life of George Bowers, father of the plaintiff, payable to Caroline M. Bowers, his wife, for her sole use, and in case of her death before George, to her children, or their guardian for their use.    Caroline died in December, 1860, leaving her husband alive and the plaintiff her sole child.    In 1871 George, and the plaintiff, then an infant, assigned in writing and delivered to the defendant the policy as collateral security for his indorsing a note of the firm of which George was a member.    Until the assignment, the policy had always been kept by George, who, before and since the assignment, has paid the premiums on the policy as they became due.    The note which the policy was assigned to secure was paid in part by a dividend made in the bankruptcy of George, and the defendant has been compelled to pay the balance.    After the plaintiff became of age he repudiated his act of assignment, and demanded of the defendant possession of the policy before this suit was brought.    George is still alive.

*Bailey & Cutter*, for the plaintiff, cited *Continental Life Ins. Co.* v. *Palmer*, 42 Conn. 60; *McCord* v. *Noyes*, 3 Brad. 139; *Harrison* v. *McConkey*, 1 Johns. Ch. 34; *Lewis* v. *Hoover*, 1 J. J. Marsh. 500; Bliss Life Ins. 496, 497.

*G. Y. Sawyer & Sawyer, Jr.*, for the defendant.

ALLEN, J. The action of detinue can be maintained for the recovery of the possession of chattels, *in specie,* wrongfully withheld, but rightfully received. *Dame* v. *Dame,* 43 N. H. 37. The contract of insurance was with the plaintiff's father, and the plaintiff was not a party to it. Although, by the death of his mother, the plaintiff had become entitled to the benefit of the policy, his claim for the amount of the insurance would not accrue until the death of the father. The father, who made the contract by which the insurance on his life was effected, paid the premiums on the policy, and he, or such person as he intrusted it with, had the right to its possession.

The policy was never delivered to the plaintiff for any purpose, nor did he acquire the right to its possession from the fact that the contract of insurance was a settlement of property upon the beneficiaries named in the policy, or the establishment of a trust for their benefit. Neither the statute (Gen. Laws, *c.* 175, *ss.* 1, 2), which gives the amount secured by the policy to the payee in preference to the creditors of the person on whose life the insurance is effected, nor the assignment of the policy to the defendant, nor the rescission of the assignment by the plaintiff, when of full age, changed the right of possession of the policy from the father to the plaintiff. As against the plaintiff, his father is entitled to the possession, and consequently the plaintiff cannot take it from the depositary or assignee of the father.

If the right of the plaintiff to receive the amount due on the policy at the death of his father is endangered by the defendant's possession of the policy, protection must be sought in equity, and not by a proceeding at law.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.