## In re WHELPLEY.

(District Court, D. New Hampshire.   May 8, 1909.)

No. 1,322.

1. BANKRUPTCY (§ 143*)—ASSETS—LIFE INSURANCE POLICIES.

Partly paid up life insurance policies, with the usual contingencies and provisions as to changing the beneficiaries and as to surrendering policies and receiving the benefits thereof, are assets of the insured's estate in bankruptcy to which creditors are entitled.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 396*)—EXEMPTIONS—LIFE INSURANCE.

Pub. St. N. H. 1901, c. 171, §§ 1, 2, provide that a life insurance policy for the benefit of a married woman shall inure to her benefit, or in case of her death to her children, if any, against the claims of creditors or representatives of the person effecting it, and, if effected for a third person or his representatives, the beneficiary shall be entitled against the claims of the creditors or representatives of the party effecting it.   *Held*, that insurance policies on the life of a bankrupt which would otherwise constitute assets for the benefit of his creditors are by such sections exempt from any claim by the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 396.*]

Arthur L. Whelpley, pro se.
Irving E. Forbes, for trustee.

ALDRICH, District Judge.   In the Massachusetts district partly paid up life insurance policies, with the usual contingencies and provisions as to changing the beneficiaries and as to surrendering policies and receiving the benefits thereof, are treated as an asset of a bankrupt estate to which the creditors are entitled.   In re Hayden (No. 12,477) was so decided by the referee upon the ground that it was something somewhat analogous to liquor licenses and stock exchange seats.   The order of the referee was affirmed by Judge Dodge without opinion.   In re Whitney (No. 13, 834) was similarly decided by the referee, and the order was likewise affirmed by the District Court without an opinion. The case was taken to the Court of Appeals for review, where the decree of the District Court was affirmed upon consent.

I am inclined to hold that independent of state statutes an insurance policy like the one in question is an asset which the trustee is entitled to hold for the benefit of creditors.   The policy in question, however, is apparently within the New Hampshire statutory exemptions (Pub. St. N. H. 1901, c. 171, §§ 1, 2), and I think it is controlled by the state law, and therefore not to be held by the trustee in bankruptcy for the benefit of the creditors.   See Remington on Bankruptcy, § 1003, and cases cited in the notes.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes