**In re BRAY.**

**No. 4035.**

District Court, D. New Hampshire.

Oct. 19, 1934.

Bernard Jacobs, of Lancaster, N. H., for bankrupt.

Edgar M. Bowker, of Whitefield, N. H., pro se.

MORRIS, District Judge.

On April 19, 1934, Edwin C. Bray d/b as E. M. Bray & Son, filed a petition in bankruptcy, and on the following day was adjudged a bankrupt.

At the first meeting of creditors held on the 11th day of May, Edgar M. Bowker of Whitefield was duly appointed trustee.

On August 9, 1934, the trustee filed a petition for the determination of the interest of the bankrupt in an endowment policy issued to the bankrupt by the Ætna Life Insurance Company, for the amount of $6,000, and having a cash surrender value of $1,424.

On August 14, 1934, the petition was referred specially to Raymond U. Smith as master to find and report the fact and rulings of law.

After due notice to the parties in interest and hearing, the master filed his report on September 20, 1934.

The matter is now before the court upon the master's report.

The legal question for determination is whether or not the policy passed to the trustee by the adjudication in bankruptcy as an asset of the bankrupt's estate.

The policy was issued November 1, 1924. The material provisions of the policy are contained in articles 3 and 4 and table A under article 13. Article 3 is as follows: "To whom payable. The amount becoming due from the Company by reason of the death of the insured before the end of the endowment term less any unpaid premium for the current policy year, shall be payable to Whitefield Savings Bank and Trust Company, Whitefield, New Hampshire, as trustee for Edwin L. Bray son of the insured, if he survives the insured, otherwise to the insured's executor, administrators or assigns; and any payment due from the Company by reason of the maturity of the endowment shall be made to the insured if living when such payment becomes due, otherwise to the insured, and all such payments shall be subject to the rights herein granted for varying the provisions of this policy and to any indebtedness to the company on account of this policy, including all loans, made by the company, as herein provided." Article 4 reads: "Change of Beneficiary. Subject to any assignment hereof, the beneficiary of this policy may be changed as often as desired and such change shall take effect on receipt at the Home Office of the Company before the sum insured or any installment thereof becomes due, of a request signed by the insured accompanied by the policy for proper endorsement."

Table A makes provisions for the cash surrender value.

Under the provisions of article 4, the insured was given the right and power to change the beneficiary in the policy without the concurrence of the beneficiary named in the policy and even against its will. This was a power which the insured could exercise to his own benefit. He could borrow money and pledge the policy as security; he could even make the policy payable to his own estate.

Section 6a of the Bankruptcy Act (11 USCA § 24) provides: "This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

Section 70a, 11 USCA § 110 (a), provides: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets."

It is apparent from a reading of the foregoing quoted sections of the Bankruptcy Act that the trustee is not vested with the title of the bankrupt to insurance policies which come within exemptions given by the state law. Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018; Aberle v. McQuaid (C. C. A.) 283 F. 779; In re Orear (C. C. A.) 189 F. 888; Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352; In re Reiter (C. C. A.) 58 F.(2d) 631; In re Whelpley (D. C.) 169 F. 1019.

The applicable New Hampshire statutes are found in N. H. Public Laws, c. 277, § 2, as amended by chapter 175, § 1, of the Laws of 1931, which provides as follows: "If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof other than himself or his legal representatives, shall be entitled to its proceeds and all other benefits against creditors and representatives of the person effecting the same."

Section 2 of the last quoted chapter provides that: "This act shall not apply to claims of creditors of any person effecting any life or endowment insurance which arise out of, or are based upon, any obligation created before this act takes effect."

As I construe the New Hampshire law, the last quoted section is immaterial and could only become material if it were shown that the insured had entered into contracts or obligations affecting the insurance prior

to May 9, 1931, the date of the passage of the amended act.

■ If the Supreme Court of New Hampshire had rendered any decisions construing the statute in question, we would be bound to follow such construction. Ross v. Goodwin (D. C.) 40 F.(2d) 535; In re Horwitz (D. C.) 3 F. Supp. 16. Unfortunately, no such interpretation of the statute as amended has·been called to our attention, and none has been found. It follows that we must give our own interpretation to the statute in question.

■ While it appears from the 1931 amendment and previous acts that it is the policy of the state Legislatures to secure to named beneficiaries in life insurance policies exemption from the debts of the insured, this is only when the insured by the terms of the policy has made the proceeds thereof payable to an expressed beneficiary other than himself. Under these conditions, the insured may be said to have parted with all his beneficial interest therein, and the policy would be thereby beyond attack by the insured's creditors. Such a policy would not pass to the trustee under the terms of the Bankruptcy Act.

■ The fact that by the terms of the policy the insured reserves the right to change the beneficiary is not necessarily determinative of the question, because the trustee takes the estate of the bankrupt as of the date of the bankruptcy.

■ The policy in question is what is termed a 25-year endowment policy, and provides that, if the insured is living at the end of the endowment term and there is no indebtedness to the company thereon, the company will pay to the insured the installments in the amount of $60 per month until 108 installments have been paid.

The policy further provides that the amount becoming due from the company by reason of the death of the insured before the end of the endowment term (25 years), less any unpaid premiums, shall be paid to the Whitefield Savings Bank & Trust Company as trustee for the son of the insured, Edwin L. Bray, otherwise to the insured's representatives.

It thus appears that the only interest the beneficiary has in the policy is contingent upon the son's outliving his father and the decease of the father within 25 years.

Under these conditions, I hold that the policy is not exempt under the New Hampshire statutes, and that, by virtue of section 6a of the Bankruptcy Act (11 USCA § 24), it passes to the trustee as a part of the bankrupt's estate.

While I have spent considerable time searching for precedence, I am satisfied that it was more or less time wasted, as the exemption laws in the different states are so dissimilar.

Cases which I have examined and which to a certain extent seem to sustain my conclusions are: Cohn v. Malone, 248 U. S. 450, 39 S. Ct. 141, 63 L. Ed. 352; Cohen v. Samuels, 245 U. S. 50, 38 S. Ct. 36, 62 L. Ed. 143; Aberle v. McQuaid (C. C. A.) 283 F. 779; In re Hettling (C. C. A.) 175 F. 65.

Unless the insured elects to avail himself of the provisions of 70a of the Bankruptcy Act (11 USCA § 110 (a), the policy must be surrendered to the trustee as an asset of the bankrupt's estate, and it is so ordered.