**In re Theodore E. MOUNT, Debtor.**

**Bankruptcy No. 84–484.**

United States Bankruptcy Court, D. New Hampshire.

June 26, 1985.

Ann L. McLane, Manchester, N.H., for debtor.

Dennis Bezanson, S. Portland, Me., Trustee.

### ORDER SUSTAINING OBJECTION TO EXEMPTION

JAMES E. YACOS, Bankruptcy Judge.

The trustee in bankruptcy in this case has objected to the debtor's claim of exemption of a life insurance policy having a cash value of $3,183.00. The debtor claims the policy exempt under *New Hampshire Statutes*, RSA § 408:2, which provides as follows:

> *480:2 Third Person.* If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof other than himself or his legal represent-

atives, shall be entitled to its proceeds and all other benefits against creditors and representatives of the person effecting the same; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy.

The trustee's objection raises an issue under this statute that would not arise in the more normal situation in which both a husband and wife are debtors in a bankruptcy proceeding.

The record before the court indicates that the insurance policy in question is owned by the debtor and names as beneficiary his ex-wife. They were divorced prior to the bankruptcy proceeding. Under the divorce decree the debtor has the custody of a minor child and his ex-wife pays him $20 a week for child support. Since the debtor owns the insurance policy he could have changed the beneficiary from his ex-wife to his minor child but he did not do so prior to filing bankruptcy. The insurance policy in question has a loan against it in an amount in excess of $2,000.00, leaving approximately $1,000.00 in cash value that would be available for the creditors of this estate if the trustee's objection to the exemption is sustained. On the other hand, if the objection is not sustained the debtor would have the capability of either keeping the insurance policy in force or cancelling the same and realizing the cash value. There is nothing in the present record that would indicate that the ex-wife is protected in any way from cancellation of the policy should this court determine the same to be exempt.

■ The trustee has objected to the exemption on the basis that the ex-wife, who is the sole beneficiary under the policy, does not have an "insurable interest" within the meaning of RSA § 408:2. This ground is insufficient in my judgment since I believe the language in question was intended only to exclude "wager policies" from the statute. Neither party has been able to find a case directly on point but similar language in a contractual context has been construed to relate to wager policies whose enforcement would be against public policy. See *Mechanicks National Bank v. Comins*, 72 N.H. 12, 52 A. 191 (1903). That case indicates that any reasonable expectation of pecuniary benefit or advantage, even though indirect, from the continued life of another would create an insurable interest outside the public policy prohibition surrounding wager policies. *Mechanicks National Bank*, supra at p. 15. In the present case the debtor has custody of the minor child and is supporting the same, with a modest cash contribution from the ex-wife, so it may be said that the ex-wife at least has the indirect advantage of the debtor continuing to take care of the minor child in that context.

■ A more fundamental ground for objecting to the exemption appears however on the very face of the statute involved. Although not argued by either party, it appears to this court at least that the provisions of RSA § 408:2 grant an exemption from creditors *only* to the *beneficiary* in the "Third Person" insurance situations covered by that statute. With regard to cash value of a policy covering a living insured this must mean that the insured owns the policy and could realize its cash value. Here, the debtor has not parted with all ownership or control of the policy, in favor of the named beneficiary, and therefore the reason for exempting life insurance from the claims of creditors does not exist. Cf. *In re Bray* 8 F.Supp. 761, 763 (D.N.H.1934).

I therefore conclude that to allow the debtor to exempt the insurance policy in question would simply give him the ability to realize the cash value of the insurance policy in the place of his creditors. That I do not believe to be within the meaning and purpose of either RSA § 408:2 or the bankruptcy laws on exemption of assets from claims of creditors. If either the debtor or the ex-wife desire to keep the insurance coverage in force they can of course arrange to pay over to the trustee the cash

value of the policy in lieu of surrendering same for cancellation.

WHEREFORE, in accordance with the foregoing findings and conclusions it is

ORDERED that the trustee's objection is sustained and the debtor's claim of exemption under RSA § 408:2 of the insurance policy in question is denied and the debtor is directed to surrender the same to the trustee for cancellation forthwith unless alternative arrangements are made for payment of the cash value of the policy into this estate.