In re Caron                          CV-95-152-B    11/07/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


In re:  Oda Joseph Caron and
        Lorraine Norma Caron                Civil No. 95-152-B


## O R D E R

Oda and Lorraine Caron, husband and wife, appeal from the decision of the bankruptcy court denying their claimed statutory exemption for the cash surrender value of Mr. Caron's life insurance policy.  For the following reasons, I affirm the decision of the bankruptcy court.


## I.  BACKGROUND[1]

Oda and Lorraine Caron filed a joint voluntary bankruptcy petition under Chapter 13.  They listed a "whole life" insurance policy owned by and insuring Mr. Caron with Mrs. Caron as the named beneficiary as an asset in their bankruptcy schedules. Under the terms of the policy, Mr. Caron retained the right to change both the owner and the beneficiary of the policy until his death, and he could surrender the policy for its cash value.  At the time of the filing, the policy had a cash value of $19,260.00.  The Carons also claimed on the appropriate schedule that the entire cash value was exempt from the property of the estate based on the New Hampshire statutory exemption provided

---

[1]  The parties do not dispute the facts, and I relate the facts they provide.

for benefits of life insurance policies.  See 11 U.S.C.A. § 522(b)(2) (West 1993 & Supp. 1995); N.H. Rev. Stat. Ann. § 408:2 (1991).

Farmington National Bank, a creditor, objected to the claimed exemption and was joined by the bankruptcy trustee. Following a hearing, the bankruptcy court ruled that the cash surrender value of the insurance policy was not an allowable exemption under the New Hampshire statute.  The Carons appeal the court's decision.

## II.  DISCUSSION

When reviewing a bankruptcy court decision, I must accept all factual findings unless clearly erroneous, but I review legal conclusions de novo.  In re DN Assocs., 3 F.3d 512, 515 (1st Cir. 1993); Fed. R. Bankr. 8013.

The bankruptcy court found that Mr. Caron owned the life insurance policy and retained the right to change beneficiaries and to surrender the policy for its cash value.  The court also determined that the policy was property of the estate under 11 U.S.C.A. § 521(a).  Incorporating by reference a previous case, In re Monahan, 171 B.R. 710 (Bankr.D.N.H. 1994), and relying on its analysis without elaboration, the court ruled that the cash surrender value of the policy was not exempt under New Hampshire law.

In In re Monahan, the bankruptcy court considered three separate cases involving exemption claims under the New Hampshire

-2-

"third person" life insurance exemption statute.[2]  Beginning with statutory construction, the court relied on the "plain language" of the statute to hold that the statutory exemption only protects the rights of a third-party beneficiary against the creditors of the insured.  Id. at 717.  The court noted that in all three cases, "the debtor or debtors were owners of the policies and had the power, as of the date of bankruptcy, to change beneficiaries or to cancel the policy and receive the cash surrender value."  Id.  The court determined that under bankruptcy law, which fixes the property rights of the debtors at the date of filing, see 11 U.S.C.A. § 541(a), and New Hampshire law, which holds that a beneficiary subject to change during the insured's lifetime has a right to the proceeds only at the death of the insured,[3] the

_____

[2]  The New Hampshire statute provides:
> **Third Person.**  If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof other than himself or his legal representatives, shall be entitled to its proceeds and all other benefits against creditors and representatives of the persons effecting the same; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy.

N.H. Rev. Stat. Ann. § 408:2.

[3]  See Barton v. Provident Mutual Relief Assoc., 63 N.H. 535, 538 (1886); Bowers v. Parker, 58 N.H. 565, 566 (1879); see also Barbin v. Moore, 85 N.H. 362, 377 (1932) (determining rights under the "third person" exemption statute to insurance proceeds after death of the insured between the beneficiaries and the insured's creditors).

beneficiaries had no rights to the cash surrender value at the time of filing.  Id.  Thus, the court held, the rights and powers of the debtors in the insurance policies became property of their estates upon filing for bankruptcy protection and to keep the policy in force, the debtor would have to pay the trustee the cash surrender value.  Id. at 718-19.

On appeal in this case, the Carons argue, relying on In re Whelpley, 169 F. 1019 (D.N.H. 1909), that I should construe the statute to allow their claimed exemption.  In Whelpley, the court described the insurance policy at issue as a partly paid life insurance policy "with the usual contingencies and provisions as to changing the beneficiaries and as to surrendering policies and receiving the benefits thereof."  Id. at 1019.  After noting that such policies ordinarily would be considered an asset of the bankrupt debtor's estate, the court held without explanation, "The policy in question, however, is apparently within the New Hampshire statutory exemptions (Pub. St. N.H. 1901, c. 171, Secs. 1, 2), and I think it is controlled by the state law, and therefore not to be held by the trustee in bankruptcy for the benefit of the creditors."  Id.  The Carons also urge me to follow decisions in other jurisdictions that have held life insurance policies were exempt property under various state statutes.  In essence, the Carons' argument is one of public policy:  the statute should be interpreted to allow the exemption in order to maintain the policy and preserve the intended contingent benefit for the beneficiary.

-4-

Statutory construction must begin with the plain meaning of the statute taken from its language in the statutory context. <u>Beaudoin v. Marchand</u>, No. 93-845, 1995 WL 583730, at *1 (N.H. Oct 3, 1995). The statute states that the "lawful beneficiary" of the life insurance policy is entitled to the proceeds against the claims of the owner's creditors. I agree with the bankruptcy court that the plain meaning of the statute restricts the exemption right to the beneficiary and provides no protection to the insured/owner of the policy.

The insurance policy here does not provide a right in the beneficiary to the insurance proceeds except upon the death of the insured. Thus, at the time of filing, Mrs. Caron, the named beneficiary,[4] under the terms of the policy and New Hampshire law, had no right to the insurance proceeds, to maintain the policy for her benefit, or to surrender the policy for its cash value. Thus, the bankruptcy court properly ruled that the "third person" exemption statute did not allow the Carons to claim an exemption for the cash value of the policy.[5]

## III.  CONCLUSION

For the foregoing reasons, the order of the bankruptcy court

---

[4]  The Carons' children are named as contingent beneficiaries who would succeed their mother as the named beneficiaries if she were to predecease their father.

[5]  I also note that because Mrs. Caron was a co-debtor in the bankruptcy filing, if she had had a right to the cash value, her property would also have been property of the estate in bankruptcy.

is affirmed and the appeal is denied.

     SO ORDERED.


                         _____
                         Paul Barbadoro
                         United States District Judge
November 7, 1995


cc:   Granville Clark, III, Esq.
      Lawrence Sumski, Esq.
      David Azarian, Esq.
      George Vannah, U.S. Bankruptcy Court