ORDER ON TRUSTEE’S OBJECTION TO EXEMPTION
 

 PETER J. McNIFF, Bankruptcy Judge.
 

 On December 20, 2001, this case came before the court for hearing on the objection of the chapter 7 trustee, Tracy Zu-brod, to claims of exemption made by the debtors in the cash surrender value of three New York Life Insurance whole life policies. The court concludes the policies are not exempt.
 

 Findings of Fact
 

 Michael Vigil, one of the joint debtors in this case, is the owner and the insured of policy # 44 446 582. Tina llene Vigil. Mr. Vigil’s spouse and the other debtor in this case, is the beneficiary of the policy. The cash surrender value of the policy is scheduled to be $2,969.71. Mr. Vigil claims an exemption in this policy.
 

 Mr. Vigil is also the owner/insured of policy # 43 491 893, and Mrs. Vigil is the beneficiary. The cash value is $3,324.49, and Mr. Vigil claims this policy exempt.
 

 Mrs. Vigil is the owner/insured of policy # 43 491 934, and Mr. Vigil is the beneficiary. The cash value of the policy is scheduled as $1,142.23. Mrs. Vigil claims this policy exempt.
 

 Conclusions of Law
 

 An individual debtor may exempt from property of the estate certain property specified under applicable state law. 11 U.S.C. § 522(b)(2). Wyoming is an opt out state, and Wyoming exemptions are applicable to this case. Wyo. Stat. Ann. § 1-20-109 (LexisNexis 2001).
 

 Only property which is property of the estate can be claimed exempt by a debtor.
 
 Owen v. Owen,
 
 500 U.S. 305, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). The property interests at issue in this case are the cash surrender values of the policies.
 

 The debtors claim the cash value exempt pursuant to Wyo. Stat. Ann. § 26-15-129(a) (LexisNexis 2001). That statute provides:
 

 If a policy of insurance is executed by any person on his own life ..., in favor of a person other than himself ... the lawful beneficiary or assignee thereof,
 
 other than the insured or the person executing insurance ...
 
 are entitled to its proceeds,
 
 including death benefits, cash surrender and loan values, premiums waived and dividends
 
 ... against the creditors and representatives of the insured and of the person executing the policy,
 
 and are not liable
 
 to be applied by any legal or equitable process to pay any debt or liability of the insured indi
 
 *308
 
 vidual or his beneficiary or any other person having a right
 
 under the policy
 
 [.] (Emphasis added).
 

 The statute in question was amended in July 2001 to insert the italicized language.
 

 The debtors contend that the July 2001 amendments were intended to broaden the scope of the exemption, subject to “only two very limited exceptions.” These “limited exceptions” are not specified by the debtors.
 

 Precisely because of those “limited exceptions,” the exemptions claimed on the face of Schedule C fail. The statute specifically precludes an exemption by the insured or the person executing the policy (the owner). Therefore, Mr. Vigil is not entitled to an exemption as claimed in the two policies he owns and under which he is the insured, and Mrs. Vigil is not entitled to her claim of exemption in the policy she owns and under which she is insured.
 

 The debtors did not claim exemptions under the policies on which they are the named beneficiaries. However, they appear to argue that each of them, as beneficiary under a policy owned by the other, is entitled to exempt the cash value.
 

 Prior to the statutory amendment, this court ruled that a debtor/beneficiary can not exempt the cash surrender value of an insurance policy from his creditors.
 
 In re Ertz,
 
 no. 99-20718, slip op. at 3 (Bankr. D.Wyo. March 6, 2000);
 
 In re Roberts
 
 no. 99-10149, slip op. at 3 (Bankr.D.Wyo. May 18, 2000)(both
 
 Ertz
 
 and
 
 Roberts
 
 are available on the court’s internet site,
 
 www.wyb.uscourts.gov).
 
 The ruling was based on decisions of two other courts.
 
 In re Evans (Evans v. Royal),
 
 99-CV-092-J. slip op. (D.Wyo. January 11, 2000) (beneficiary’s interest in an insurance policy is a future right to death benefits and only a contingent interest in a policy);
 
 Novosel v. Sun Life Assur. Co. of Canada,
 
 49 Wyo. 422, 57 P.2d 110, 111 (1936)(under a policy which contains a right to change the beneficiary, the beneficiary has only an expectancy). Thus, a beneficiary does not own a property interest in cash value, and the cash value is not property of the beneficiary’s estate which can be exempted.
 

 Nonetheless, the debtors contend the addition of the language “including death benefits, cash surrender and loan values” expanded the definition of proceeds and the scope of the exemption. Even so, a debtor can not exempt property in which the debtor has no interest. A beneficiary has no ownership interest in the cash surrender value and the cash value is not property of the beneficiary’s bankruptcy estate.
 

 The court does not know whether the Wyoming legislature can create a property interest for a beneficiary in the cash value of an insurance contract. But certainly it can not do so simply by expanding the definition of proceeds in an exemption statute.
 

 The difficulties which could arise if a beneficiary were deemed to have a property interest in the cash surrender value of a life insurance policy are obvious. The beneficiary would have rights not within the contemplation of the owner or insurer, limiting the owner’s ability to exercise his ownership rights freely. Cashing out the policy would become complicated, and changing the beneficiary would require concessions and considerations not anticipated.
 

 Accordingly, the court holds that a beneficiary of a whole life insurance policy is not entitled to claim an exemption in the cash surrender values of the policy because the cash value of the policy is not a property interest in which the beneficiary has a present interest.
 

 THEREFORE, IT IS ORDERED that the debtors’ claims of exemption in the
 
 *309
 
 cash surrender value of the insurance policies are overruled, and the trustee’s objection is sustained.