In re Carrie Ann MICHAELS, also
known as Carrie Ann Michaels–
Burkard, Debtor.

Carrie Ann Michaels, Appellant,

v.

Tracy Lynne Zubrod, Trustee, Appellee.

In re Michael Anthony Vigil; and Tina
Ilene Vigil, also known as Tina
Ilene Christy, Debtors.

Michael Anthony Vigil and Tina
Ilene Vigil, Appellants,

v.

Tracy Lynne Zubrod, Trustee, Appellee.

BAP Nos. WY–02–002, WY–02–003.
Bankruptcy Nos. 01–21565, 01–21511.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

Aug. 20, 2002.

Georg Jensen, of Law Offices of Georg Jensen, Cheyenne, WY, for Appellants.

Tracy L. Zubrod, Trustee, pro se.

Before BOULDEN, MICHAEL, and CORDOVA, Bankruptcy Judges.

## OPINION

MICHAEL, Bankruptcy Judge.

Debtors Carrie Ann Michaels ("Michaels"), Michael Anthony Vigil, and Tina Ilene Vigil (the "Vigils," collectively "Debtors") bring these appeals from separate orders of the United States Bankruptcy Court for the District of Wyoming ("bankruptcy court") sustaining the Chapter 7 trustee's objections to their exemptions in the cash surrender value of certain life insurance policies. Because there are no facts in dispute and both appeals turn on

the same legal issue, we address them together. For the reasons set forth below, we affirm.

## I. Background

Sometime prior to October 16, 2001, Michaels purchased a life insurance policy with a death benefit of $50,000 from The Prudential Insurance Company of America. On October 16, 2001, Michaels filed a voluntary petition under Chapter 7 of the Bankruptcy Code. At the time of the bankruptcy filing, the policy had a cash surrender value of $4,006.39. Michaels claimed an exemption in the cash surrender value of the policy in her bankruptcy schedules.

Subsequent to the filing, Tracy Zubrod ("Trustee" or "Zubrod") was appointed Trustee of the bankruptcy estate. A meeting of creditors was held and concluded on November 21, 2001. On December 20, 2001, the Trustee filed an objection to Michaels's claim of exemption in the life insurance policy. Michaels filed a response to the Trustee's objection on December 28, 2001. The bankruptcy court conducted a hearing in the matter on January 3, 2002. On January 7, 2002, the bankruptcy court, relying on Wyo. Stat. § 26–15–129(a), issued its order sustaining the Trustee's objection and denying Michaels's claim of exemption in the insurance policy.

The Vigils filed a voluntary Chapter 7 petition on October 2, 2001. In their schedules, the Vigils claimed exemptions in the cash surrender value of three life insurance policies purchased from the New York Life Insurance Company. Two of the policies are held in Michael Vigil's name and list Tina Vigil as the beneficiary. On the date the Vigils filed their bankruptcy petition, these policies had cash surrender values of $2,969.71 and $3,324.49. The third policy is held in Tina Vigil's name

and lists Michael Vigil as beneficiary. The cash surrender value of this policy on the date of filing was $1,142.23.

Zubrod was appointed Chapter 7 trustee in the Vigils' bankruptcy as well. On November 7, 2001, a meeting of creditors was held and concluded. The Trustee filed her objection to the claims of exemption in the Vigils' life insurance policies on December 6, 2001. On December 19, 2001, the Vigils filed a response to the Trustee's objection. The bankruptcy court conducted a hearing on December 20, 2001. On January 8, 2002, the bankruptcy court issued its order sustaining the Trustee's objection and denying the Vigils' claims of exemption. The Debtors in both cases timely appealed.

## II. Jurisdiction

■■■ This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8001. Neither party elected to have these appeals heard by the United States District Court for the District of Wyoming; thus they have consented to our review. A decision is considered final if it " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). An order that grants or denies an exemption is a final order for purposes of appeal. *See In re Zibman*, 268 F.3d 298, 301 (5th Cir.2001).

## III. Standard of Review

■■■ The bankruptcy court's interpretation of a statute is a question of law that we review de novo. *See In re Gledhill*, 164 F.3d 1338, 1340 (10th Cir.1999). When reviewing questions of law de novo, the appellate court is not constrained by the trial court's conclusions, and may affirm the trial court on any legal ground supported by the record. *See Wolfgang v. Mid–America Motorsports, Inc.*, 111 F.3d 1515, 1524 (10th Cir.1997).

## IV. Discussion

There is no dispute as to the ownership of the life insurance policies. The only question before us is whether the bankruptcy court correctly held that the Debtors were not entitled to exempt the cash surrender value of those policies. Wyoming has opted out of the federal exemption scheme. Wyo. Stat. Ann. § 1–20–109. Accordingly, we look to the laws of the State of Wyoming to resolve these appeals. The applicable Wyoming statute provides:

(a) If a policy of insurance is executed by any person on his own life or on another life, in favor of a person other than himself, or except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to that person, the lawful beneficiary or assignee thereof, other than the insured or the person executing insurance or executors or administrators of the insured or the person executing the insurance, are entitled to its proceeds, *including death benefits, cash surrender and loan values, premiums waived and dividends, whether used in reduction of premiums or otherwise, excepting only where the debtor, subsequent to issuance of the policy, has actually elected to receive the dividends in cash,* against the creditors and representatives of the insured and of the person executing

the policy, *and are not liable to be applied by any legal or equitable process to pay any debt or liability of the insured individual or his beneficiary or of any other person having a right under the policy,* whether or not:

(i) The right to change the beneficiary is reserved or permitted; and

(ii) The policy is made payable to the person whose life is insured if the beneficiary or assignee predeceases that person, and the proceeds are exempt from all liability for any debt of the beneficiary existing at the time the policy is made available for his use.

Wyo. Stat. Ann. § 26–15–129(a)(i)–(ii). The italicized portions of the foregoing were added by an amendment to the statute that became effective July 1, 2001.

 "We interpret state laws according to state rules of statutory construction." *Citizens for Responsible Gov't State Political Action Comm. v. Davidson,* 236 F.3d 1174, 1190 (10th Cir.2000) (citing *Phelps v. Hamilton,* 59 F.3d 1058, 1071 n. 23 (10th Cir.1995)). Under Wyoming law, " 'if the language is clear and unambiguous, we must abide by the plain meaning of the statute; if a statute is ambiguous, we may resort to general principles of construction; an ambiguous statute is one whose meaning is uncertain and susceptible of more than one meaning.' " *Abeyta v. State,* 42 P.3d 1009, 1011–1012 (Wyo. 2002) (quoting *Amrein v. State,* 836 P.2d 862, 864–65 (Wyo.1992)). We must "giv[e] effect to each word, clause, and sentence so that no part will be inoperative or superfluous." *Id.* at 1012. We may not construe a statute in a manner that produces an absurd result or renders a portion meaningless. *See Id.* "The legislative intent, manifested in the plain language of the statutes, is the controlling consider-

ation." *In re Osenbaugh,* 10 P.3d 544, 550 (Wyo.2000). Furthermore, while divergent opinions among the parties as to the meaning of a statute may be evidence of ambiguity, they are not conclusive of ambiguity. Whether a statute is ambiguous is a matter of law to be determined by the court. *See Campbell County Sch. Dist. v. Catchpole,* 6 P.3d 1275, 1285 (Wyo.2000). Where neither party has suggested that a statute is ambiguous, application of the rules of construction is unnecessary, and the plain meaning of the statutory language is simply given effect. *See In re Board of County Comm'rs, Sublette County,* 33 P.3d 107, 113 (Wyo.2001).

 "When interpreting exemption statutes, the interpretation must further the spirit of such laws." *In re Gregory,* 245 B.R. 171, 173 (10th Cir. BAP), *aff'd,* 246 F.3d 681, 2000 WL 1809081 (10th Cir. 2000). As a general principle, exemption statutes are liberally construed to effect their beneficent purposes. *See Pellish Bros. v. Cooper,* 47 Wyo. 480, 38 P.2d 607, 609 (1934). However, "a court is limited in its application of an exemption statute by what the terms of that statute can fairly be said to embrace." *Johnston v. Barney,* 842 F.2d 1221, 1223 (10th Cir.1988) (citing *Pellish Bros.,* 38 P.2d at 609). Apparently there are no authoritative decisions from any Wyoming state court examining § 26–15–129 in either its current or previous form.

 The bankruptcy court found the language of § 26–15–129 unambiguous and held that it precluded the Debtors from claiming an exemption in the cash surrender values of the life insurance policies. The parties to these appeals agree that the language of the statute is unambiguous, but reach different conclusions as to its meaning. The Debtors argue that the statute allows the insured party to exempt the cash surrender value of a life insurance

policy. According to the Debtors, any ambiguity found in § 26–15–129 arises from the bankruptcy court's interpretation of the statute. The Trustee asserts that the phrase "other than the insured or the person executing insurance" expressly prohibits the exemption claimed by the Debtors.

The Debtors argue that the bankruptcy court's interpretation renders the statute ambiguous because it would cause the person executing the insurance to appear twice in the list of people who are prohibited from claiming an exemption in the proceeds of a policy. Not so. The relevant passage from the statute states: "the lawful beneficiary or assignee thereof, other than the insured or the person executing insurance or executors or administrators of the insured or the person executing the insurance, are entitled to its proceeds." Wyo. Stat. Ann. § 26–15–129. While the statute is hardly a model of draftsmanship, we have little trouble discerning from its plain language the intent of the Wyoming Legislature to exclude four classes of people from those entitled to the exemption: the insured, the person executing the insurance, executors and administrators of the insured, and executors and administrators of the person executing the insurance. This interpretation gives effect to each word and phrase in the quoted passage and renders no part of the statute meaningless, superfluous or duplicative.

■ The Debtors next argue that by amending the statute to include cash surrender value among the list of those items constituting "proceeds," the legislature created an exemption in the cash surrender value of the policy for the owner of the

policy or the insured.[1] The plain language of the statute expressly prohibits the insured or the person executing the insurance from receiving proceeds of the policy free from claims of creditors. The bankruptcy court so found, and we concur. *See In re Caron,* 82 F.3d 7, 10 (1st Cir.1996) (interpreting similar New Hampshire statute as precluding owner/insured from claiming exemption in life insurance policy).

■ With respect to the Vigils' ability to exempt the cash surrender value of the policies under which each is a beneficiary on a policy owned by and insuring the life of the other, the bankruptcy court concluded that a beneficiary does not own a property interest in the cash surrender value of another's life insurance policy. The bankruptcy court reasoned that because only property of the debtor-beneficiary's estate may be claimed as exempt, no exemption is available for the cash surrender value. The named beneficiary has only an expectancy prior to the death of the insured. *See Novosel v. Sun Life Assur. Co. of Canada,* 49 Wyo. 422, 57 P.2d 110, 111 (1936). Such an expectancy interest is not property of the estate because, as recognized in *Novosel,* the beneficiaries have "no property right therein." *Id.,* 57 P.2d at 112; *see In re Caron,* 82 F.3d at 10 (beneficiary of life insurance policy has a mere expectancy interest that is not property of the estate and cannot be exempted under New Hampshire law); *In re Olien,* 256 B.R. 280, 283–84 (Bankr.E.D.Tenn. 2000) (same under Tennessee law). In the Vigils' case, the insured Debtors were still

---

**1.** At this point we note that the Vigils appear to argue not only that the insured Debtor may claim an exemption in the proceeds of a life insurance policy, but that each of them may claim an exemption as the beneficiary of a policy owned by the other. The bankruptcy court noted that the Vigils' bankruptcy schedules contained claims for exemption only for the owner of each policy, yet proceeded to address the second argument nonetheless. *See In re Vigil,* 272 B.R. 306, 308 (Bankr. D.Wyo.2002). To avoid any confusion, we likewise consider both arguments raised by the Vigils.

living when the bankruptcy petition was filed, and each had the right under the policies insuring their own lives to surrender those policies for their cash value. That right vested in the bankruptcy estate upon the filing of the petition. *See* 11 U.S.C. § 541(a)(1) (bankruptcy estate comprises all legal and equitable interests of debtor in property at commencement of case). Accordingly, on the date the Vigils filed their Chapter 7 petition, neither could claim as exempt any interest as a beneficiary in a policy owned by the other. We do not read the amended version of § 26–15–129 as creating a property interest in the beneficiary of an insurance policy where none previously existed under Wyoming law. If the Wyoming Legislature intended such a result, we are confident it would have found the words to make its intention clear.

▇ Lastly, the Debtors argue that by adding the clause "[the proceeds] are not liable to be applied by any legal or equitable process to pay any debt or liability of the insured individual or his beneficiary or of any other person having a right under the policy" to § 26–15–129 the Wyoming Legislature created an exemption for both the insured and the beneficiary. Any other interpretation, the Debtors argue, renders the statute ambiguous. Again, we disagree. As we see it, the goal of § 26–15–129 is to protect beneficiaries and assignees of life insurance policies, *once their property rights have vested,* from having the proceeds of those policies applied to pay the debts of the person insured or the debts of the beneficiaries or assignees themselves. This can be explained when one considers that the primary function of life insurance is to provide monetary assistance to the beneficiary at a time of financial, and often emotional, distress. Allowing the insured party's creditors to supplant the beneficiary and claim the proceeds of the policy would severely undermine that function. Permitting the creditors of the beneficiary or assignee to deprive those individuals of the proceeds would similarly frustrate the beneficial aspects of life insurance. The refuge offered by § 26–15–129 is not as extensive as the Debtors propose, however. The plain language of the statute excludes both the insured person and the person executing the insurance, as well as their executors and administrators, from its confines. Furthermore, a beneficiary who owns no more than an expectancy has no property interest to claim as exempt under Wyoming law. Reading the statute as the Debtors suggest would very nearly create an exemption for all beneficiaries and all insured individuals on all insurance policies. The record before us does not support a conclusion that Wyoming's lawmakers intended such a result.

## V. Conclusion

The orders of the bankruptcy court are affirmed.